In this action, judgment was entered on January 3, 1947, decreeing a divorce to the plaintiff and awarding her the custody of the adopted child with an allowance of $15 per week for the support of the child. The basis of the present motion is not that there has been any change in the circumstances of the parties since the judgment. As a matter of fact, the weekly earnings of the defendant have increased to the extent that they are now $75 per week. It is rather that the defendant was lulled into not appearing or making any contest at the former hearing by the fact that he and his former wife had entered into a written agreement whereby she had agreed not to ask for alimony or "support."
The interpretation of this agreement is open to question as to what the parties thereto intended by the word "support," whether it meant support of the wife or support of the child *Page 263 
or such claim as the wife might in the future have for necessities which she might furnish for the child. Whatever is the proper interpretation of the contract, however makes little difference.
When parents enter into such an agreement they should understand that they have no right to stipulate away the rights of their children. Such an agreement is always subject to the approval of the court and it is the court's duty to protect children and order such an allowance for support as may seem proper, irrespective of the agreement. That is, such an agreement has no binding effect. It is, at most, an aid to the court in making its determination of the amount of the allowance.
In this case no fraud was perpetrated on the court in relation to this matter of the allowance for the support of the child. The evidence is that, at the hearing of the divorce case, the court was fully apprised of the terms of the agreement. The defendant had actual notice that the case was going to be heard on January 3 and had ample opportunity to attend the hearing. He knew or should have known that the question whether an allowance would be made for the support of the child was an open question which the court alone could decide. Simply because he elected, in view of all the circumstances, to absent himself from the hearing lays no basis for a claim that the order was procured through fraud.
Aside from the foregoing, upon all of the circumstances as they exist at the present time, the allowance of $15 per week is a proper allowance for the support of the child.
 The motion for modification is denied.