SHELDON A. LEVESTON *v.* BEATRICE LEVESTON

BOGDANSKI, SPEZIALE, PETERS, HEALEY and A. ARMENTANO, Js.

Submitted on briefs June 4—decision released August 5, 1980

*George S. Linardos,* on the brief, for the appellant (plaintiff).

*Thomas P. Heslin,* on the brief, for the appellee (defendant).

SPEZIALE, J.  The plaintiff, Sheldon A. Leveston, is appealing from a judgment of dissolution of marriage in which the trial court ordered the plaintiff to pay to the defendant, Beatrice Leveston, $10,000 lump sum alimony within two years from the date of the order.

The parties were married on October 30, 1975. Both the complaint, filed September 12, 1977, and the cross complaint, filed September 15, 1977, alleged that the marriage had broken down irretrievably and requested a dissolution of the marriage.  In addition, the defendant claimed alimony, a name change, and "[s]uch other and further relief as to equity shall appertain."

On July 11, 1979, both the parties and their respective counsel appeared for trial, but the case was continued to the next day.  On the morning of July 12, 1979, the defendant testified that the problems leading to the marital breakdown "stemmed from the fact that I would not give Mr. Leveston any further money." When the defendant proceeded to testify in detail about the various antenuptial and postnuptial transfers of money from the defendant to the plaintiff, the plaintiff's counsel objected.  The court admitted this evidence on the basis "that she is seeking approximately $25,000 in alimony" and that the purpose of the testimony is "to arrive at how she got to her claim." [1]  The

---

[1] The $25,000 figure apparently relates to the $28,487.71 which the defendant testified to having lent to the plaintiff before and during the marriage.

remainder of the direct and cross-examination of the defendant dealt with the details of the financial transactions between the parties. After the luncheon recess the plaintiff's counsel informed the court that the plaintiff had left to return to Virginia on an important business matter and that the plaintiff "would like to be heard" regarding the alleged loans at another time, but the court refused to grant a postponement. On July 24, 1979,[2] the court rendered the judgment from which this appeal is taken.

The plaintiff raises three claims on appeal: (1) that the court erred in admitting evidence of indebtedness and antenuptial financial transactions between the parties; (2) that the court abused its discretion by granting lump sum alimony on the basis of the evidence before it; and (3) that the court erred in not continuing the case to a later date.

"The trial court has broad discretion in determining the relevancy of evidence. Any fact may be proved which logically tends to aid the trier in the determination of the issue. *Federated Department Stores, Inc.* v. *Board of Tax Review,* 162 Conn. 77, 82, 291 A.2d 715 [1971]." *Litvaitis* v. *Litvaitis,* 162 Conn. 540, 548, 295 A.2d 519 (1972). The only dispute between the parties concerned money. The transcript reveals that the court repeatedly stated that the financial evidence was admitted for the purpose of ascertaining an equitable basis for alimony, and not to determine an amount of indebtedness nor to treat the "debt" as a constituent part of an alimony award. The financial circumstances

---

[2] On August 1, 1979, the memorandum of decision was corrected to include a statement of the defendant's right to change her name and to correct a statutory citation.

of the parties are highly relevant and are entitled to be given great weight by the trial court in the financial determination it must make in a case involving a claim for alimony. See *Valante* v. *Valante,* 180 Conn. 528, 530–31, 429 A.2d 964 (1980).

In addition to the finances of the parties, § 46b-82 of the General Statutes requires the trial court to consider the causes of the dissolution in setting an alimony award.[3] In this case the defendant testified that the major cause of the breakdown was the plaintiff's repeated, insistent requests for more money and the defendant's ultimate refusal to "give or borrow any more money for the plaintiff." Because of this testimony regarding the cause of the breakdown, and the broad discretion given a trial court in determining the relevancy of evidence, it was not error for the court to admit evidence of previous transfers of money from the defendant to the plaintiff.

With respect to the alimony award the plaintiff argues that the court did not properly consider the factors enumerated in General Statutes § 46b-82[4] and that the evidence before the court does not support the alimony award. The trial court is required to consider the statutory criteria but "is not required to give equal weight to each of the specified items." *Valante* v. *Valante,* supra, 531. "[N]o single criterion is preferred over all the others." Id.;

[3] General Statutes § 46b-82 provides, in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties . . . ."

[4] See footnote 3.

*Aguire* v. *Aguire,* 171 Conn. 312, 314–15, 370 A.2d 948 (1976). There is no indication in the record that the court, as the plaintiff suggests, gave insufficient weight to the brief duration of the marriage and to the plaintiff's inability to pay alimony in addition to his other debts.

" '[T]rial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant.' *LaBella* v. *LaBella,* 134 Conn. 312, 318, 57 A.2d 627 [1948]." *Aguire* v. *Aguire,* supra, 313–14. With that principle in mind this court has long held that an award of alimony "should be disturbed only under the clearest circumstances;" *Shrager* v. *Shrager,* 144 Conn. 483, 487, 134 A.2d 69 (1957) ; where the court could not "reasonably conclude as it did . . . ." *Jacobsen* v. *Jacobsen,* 177 Conn. 259, 263, 413 A.2d 854 (1979) ; *El Idrissi* v. *El Idrissi,* 173 Conn. 295, 299, 377 A.2d 330 (1977) ; *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 584, 362 A.2d 835 (1975). This is consistent with the equitable nature of a dissolution proceeding. *Stoner* v. *Stoner,* 163 Conn. 345, 356, 307 A.2d 146 (1972). We conclude that the trial court did not abuse its discretion in awarding to the defendant a sum of $10,000 as alimony payable within two years.

Finally, the court did not err in refusing to continue the case to a later date. This dissolution action has extended for a longer time than did the marriage on which it was founded. At trial defendant's counsel claimed to have subpoenaed the plaintiff to a pendente lite hearing because of the plaintiff's failure to appear on four previously scheduled dates. The court found that the plaintiff had over

five months notice of the scheduled July 11, 1979 trial date. At the plaintiff's request the case was continued until the next morning, at which time the defendant testified and was cross-examined by the plaintiff's counsel. After the luncheon recess the plaintiff voluntarily absented himself from the trial and no further testimony was taken. The plaintiff's claim that he "was deprived of his right to a fair and full cross-examination of the defendant witness" because of the court's refusal to grant a continuance is not supported by the record. Where a party's own wrongful conduct limits the financial evidence available to the court, that party cannot complain about the resulting calculation of a monetary award. *Baker* v. *Baker,* 166 Conn. 476, 489, 352 A.2d 277 (1974).

A motion for continuance is addressed to the discretion of the trial court, and its ruling will not be overturned absent a showing of a clear abuse of that discretion. *Allen* v. *Pathmark of Bridgeport, Inc.,* 176 Conn. 124, 130, 405 A.2d 59 (1978); *State* v. *Manning,* 162 Conn. 112, 121, 291 A.2d 750 (1971). The plaintiff has failed to make such a showing.

There is no error.

In this opinion the other judges concurred.