### DWIGHT SANDS *v.* NANCY SANDS

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued May 5—decision released August 17, 1982

*F. Woodward Lewis, Jr.,* with whom, on the brief, was *Ellen L. Sostman,* for the appellant (plaintiff).

*Stephen J. McGovern,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (defendant).

ARTHUR H. HEALEY, J. This appeal arises from a judgment of the trial court granting the plaintiff husband's action for dissolution of marriage on the grounds of irretrievable breakdown. The parties were married on September 24, 1977, and have one child, born on October 30, 1977. The decree granted custody of the minor child to the defendant wife, with the plaintiff having reasonable visitation rights, including one week in the summer. The decree also ordered the plaintiff to pay $20 per week as support for the minor child, and $1 per year as alimony to the defendant.

In August, 1979, prior to the trial, the parties entered into a stipulation in which the plaintiff agreed to give the defendant custody of the child and to provide $20 per week as child support. The defendant also agreed to waive all claims to alimony. Subsequent to this stipulation, the plaintiff discovered that the defendant had applied for state welfare benefits, and amended his complaint to reflect this fact. See Practice Book § 454.

At the trial, there was testimony concerning the defendant's pending application for state welfare benefits.[1] In addition, there was testimony regard-

[1] It was also learned that the defendant was actually receiving welfare benefits from the city of Meriden.

ing the stipulation of the parties, the defendant's other sources of income, the defendant's health, and the incidents that led to the parties' separation.[2]

On appeal, the plaintiff claims that the trial court erred in granting the defendant alimony in the amount of $1 per year, where he was without fault in causing the breakdown of the marriage and where both parties had stipulated that the defendant would receive no alimony. He also claims that it was error to award alimony solely for the protection of the state's interest because the defendant had applied for state welfare benefits. In addition, he claims that such an award is a violation of his rights of equal protection and due process under the state and federal constitutions.

The principles by which we are guided in reviewing a trial court's award of alimony, pursuant to General Statutes § 46b-82,[3] have often been repeated and are well settled. The decision as to the type

[2] It was the plaintiff's counsel who called both the plaintiff and the defendant to the stand and examined them. The defendant's counsel asked only one question, and this was directed to the defendant.

[3] General Statutes § 46b-82 provides: "At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other, in addition to or in lieu of an award pursuant to section 46b-81. The order may direct that security be given therefor on such terms as the court may deem desirable. In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party, except as provided in subsection (a) of section 46b-51, shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

and amount of alimony is "within the sound discretion of the trial court . . . ." *Fucci* v. *Fucci*, 179 Conn. 174, 181, 425 A.2d 592 (1979), quoting *Chambliss* v. *Chambliss*, 171 Conn. 278, 279, 370 A.2d 924 (1976). As this court stated in *Aguire* v. *Aguire*, 171 Conn. 312, 313–14, 370 A.2d 948 (1976): " '[T]rial courts have a distinct advantage over an appellate court in dealing with domestic relations, where all of the surrounding circumstances and the appearance and attitude of the parties are so significant.' *LaBella* v. *LaBella*, 134 Conn. 312, 318, 57 A.2d 627 [1948]. The trial court, therefore, has broad discretion in determining the type, duration, and amount of alimony which is proper in each case. *Krieble* v. *Krieble*, 168 Conn. 7, 357 A.2d 475 [1975]; *Baker* v. *Baker*, 166 Conn. 476, 488, 352 A.2d 277 [1974]." See also *McPhee* v. *McPhee*, 186 Conn. 167, 177, 440 A.2d 274 (1982); *McGuinness* v. *McGuinness*, 185 Conn. 7, 13, 440 A.2d 804 (1981). "In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." *deCossy* v. *deCossy*, 172 Conn. 202, 204–205, 374 A.2d 182 (1977); see also *Robinson* v. *Robinson*, 187 Conn. 70, 72, 444 A.2d 234 (1982); *Ridgeway* v. *Ridgeway*, 180 Conn. 533, 543, 429 A.2d 801 (1980). Pursuant to these principles, it is only in rare instances that the trial court's decision will be disturbed. See *McPhee* v. *McPhee*, supra.

The plaintiff in this case seeks to limit the trial court's discretion when considering the criteria enumerated in General Statutes § 46b-82, by claiming that where the evidence demonstrates that one party is completely without fault in the breakdown

of the marriage, this factor should be paramount in determining whether to make an award of alimony.[4] We do not agree.

First, read logically, the statute places no particular emphasis on any one factor. Furthermore, this court has explicitly stated that "no single criterion is preferred over all the others." *Leveston* v. *Leveston,* 182 Conn. 19, 22, 437 A.2d 819 (1980), quoting *Valante* v. *Valante,* 180 Conn. 528, 531, 429 A.2d 964 (1980); see also *Tutalo* v. *Tutalo,* 187 Conn. 249, 252, 445 A.2d 598 (1982); *McPhee* v. *McPhee,* supra, 172. Therefore, consistent with the provisions of the statute, the relative fault of the parties is only one factor to be considered and cannot be given precedence over any other enumerated factor.

The plaintiff also claims that the trial court erred in ordering him to pay alimony when the parties had stipulated that the defendant had waived all claims to alimony. This issue involves the application of General Statutes § 46b-66 which was recently considered by this court in *Costello* v. *Costello,* 186 Conn. 773, 443 A.2d 1282 (1982). General Statutes § 46b-66 provides, in part, that "[i]f the court finds the agreement fair and equitable, it shall become part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court. If the court finds the agreement is not fair and equitable, it shall make such orders as to finances . . . as the circumstances

---

[4] The trial court made no finding as to the cause of the breakdown of the marriage. Furthermore, the pleadings reveal that this action for dissolution of marriage was brought on the basis of an irretrievable breakdown of the marriage. The parties had stipulated in writing, and the plaintiff also testified, that the marriage had broken down irretrievably.

require." As the court recognized in *Costello,* supra, "[i]f the terms are found to be not fair and equitable, then the court may modify, reject or augment those terms as equity requires." Id., 777; see also *North* v. *North,* 183 Conn. 35, 38, 438 A.2d 807 (1981); *Lasprogato* v. *Lasprogato,* 127 Conn. 510, 514, 18 A.2d 353 (1941); *Van Zandt* v. *Van Zandt,* 15 Conn. Sup. 262, 263 (1947).

There is nothing in the record indicating that the trial court found the parties' stipulation in full to be a fair and equitable agreement. In fact, the evidence is to the contrary. During the hearing the trial court indicated that the defendant's stipulation to waive all claims of alimony did not adequately protect the interest of the state. "A court hearing a divorce is not free to enter the relief sought just because all the parties agree that the relief is desirable. Divorce courts are specifically not bound by stipulations or agreements entered into by the parties. [*Siebert* v. *Siebert,* 124 Vt. 187, 192, 200 A.2d 258 (1964)]; *Woodruff* v. *Taylor,* 20 Vt. 65, 73 (1847)." *Gerdel* v. *Gerdel,* 132 Vt. 58, 61, 313 A.2d 8 (1973); see *Peiter* v. *Degenring,* 136 Conn. 331, 337–38, 71 A.2d 87 (1949). It is clear, therefore, that the trial court was not bound by the terms of the stipulation.

The plaintiff has also claimed that it was error to order him to pay $1 per year in alimony in order to protect the interest of the state, where the state, at that time, had no existing interest to protect. At the time of trial, the defendant had merely applied for, but had not yet been granted, state welfare benefits. This fact, the plaintiff claims, precluded the state from being considered a "source of

income" of the defendant; General Statutes § 46b-82; and deprived the state of standing in this case.

We begin by noting that the plaintiff does not challenge the fact that the state has a valid interest that should be considered in every divorce action. See *Yontef* v. *Yontef,* 185 Conn. 275, 293, 440 A.2d 899 (1981); *Lindquist* v. *Lindquist,* 137 Conn. 165, 168, 75 A.2d 397 (1950); *Dochelli* v. *Dochelli,* 125 Conn. 465, 467, 3 A.2d 666 (1939); *Marazita* v. *Marazita,* 27 Conn. Sup. 190, 192, 233 A.2d 145 (1967); see also 27A C.J.S., Divorce § 8, pp. 31–32 ("It is the duty of the court to consider and protect the interests of the state or the public, as well as the rights of the parties themselves, and where there is a conflict between the interests . . . the interests of the state will be regarded as paramount.").[5] Infused as dissolution litigation is with the interest of the state, it is manifestly proper for the attorney general to represent the interest of the public where the state has been called upon to provide financial payments to one of the parties and where, as here, the preservation of the marriage is no longer possible. Despite this, the plaintiff seeks to limit the state's interest by arguing that only welfare benefits that are actually payable at the time that a decree is entered can be included in the "source of income" criterion of § 46b-82.

In urging a strict interpretation of General Statutes § 46b-82, the plaintiff's argument ignores the

[5] Furthermore, General Statutes § 46b-55 (a) provides in part that "[t]he attorney general shall be and remain a party to any action for dissolution of marriage . . . and to any proceedings after judgment in such action, if any party to the action . . . is receiving or has received aid or care from the state." See also 24 Am. Jur. 2d, Divorce and Separation § 281.

general principles that govern this area of the law. As this court recently stated in *Robinson* v. *Robinson,* 187 Conn. 70, 444 A.2d 234 (1982): "Because an action for dissolution of marriage is a creature of statute, it is sometimes assumed that the statute not only creates the grounds for relief but also circumscribes the remedy. Although created by statute, a dissolution action is essentially equitable in nature. *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 583, 362 A.2d 835 (1975). 'The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage.' Id., 585. . . . [I]n the exercise of its inherent equitable powers it may also consider any other factors [besides those enumerated in the statute] which may be appropriate for a just and equitable resolution of the marital dispute. [Id.], 585–86." *Robinson* v. *Robinson,* supra, 71–72; see also *Leveston* v. *Leveston,* 182 Conn. 19, 23, 437 A.2d 819 (1980); *Stoner* v. *Stoner,* 163 Conn. 345, 356, 307 A.2d 146 (1972). Drawing a distinction between a situation where a party has actually received or is receiving state welfare benefits and a situation where a party has merely applied for those benefits would impinge on the discretion of the trial court to fashion a remedy that is just and equitable. It is obvious that the defendant applied for state welfare benefits with the expectation of having her application approved. In addition, there was testimony that the defendant had already received benefits from the city of Meriden. The trial court could not ignore the fact that the state had a definite and imminent interest in this matter. Under these circumstances, the trial court clearly acted within its discretion in awarding $1 per year alimony in

order to protect a valid state interest.[6]  See *Rutlader* v. *Rutlader,* 411 S.W.2d 826, 829–30 (Mo. App. 1967).

The final issue to be addressed is whether the trial court's award of alimony to the defendant, who allegedly caused the breakdown of the marriage,[7] violates the plaintiff's rights under the due process or equal protection clauses of either article first, §§ 1 and 12 of the state constitution or the fourteenth amendment to the federal constitution.[8]  The record demonstrates that this claim is made for the first time on appeal.[9]  Pursuant to Practice Book § 3063, this court is not bound to consider any claim of error unless it was distinctly raised at the trial. This rule also applies to constitutional claims.  See *Roche* v. *Fairfield,* 186 Conn. 490, 505, 442 A.2d 911 (1982); *State* v. *Packard,* 184 Conn. 258, 271, 439 A.2d 983 (1981); *Burritt Mutual Savings Bank of New Britain* v. *Tucker,* 183 Conn. 369, 377, 439 A.2d 396 (1981); *New Haven Savings Bank* v.

---

[6] To preclude the trial court from considering the future financial positions of the parties would contravene our decisions upholding decrees involving nominal awards of alimony which are based on future prospects of employment and income.  See *Ridgeway* v. *Ridgeway,* 180 Conn. 533, 543, 429 A.2d 801 (1980); *Ridolfi* v. *Ridolfi,* 178 Conn. 377, 379–80, 423 A.2d 85 (1979).

[7] See footnote 4, supra.

[8] The plaintiff claims that if the defendant had merely separated from him and later instituted an action for support, he allegedly would have a valid defense to such an action because the defendant caused the separation and because the separation was without justification.  The plaintiff appears to argue that because the trial court awarded alimony to the defendant to protect the state's interests, he was unconstitutionally deprived of this valid defense.  Our disposition of this appeal does not require us to take any position in this matter.

[9] At the conclusion of trial, the court asked the plaintiff's counsel if he wished to be heard by way of argument.  The plaintiff's counsel stated, "[n]o, Your Honor. . . . I just make the claim that I don't believe my client should be required to pay alimony."  The court then orally stated its decision..

*Valley Investors,* 174 Conn. 77, 84, 384 A.2d 321 (1977). This case does not present the type of "exceptional circumstances" which justify the consideration of the constitutional claim by this court. *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973); see *State* v. *Nardini,* 187 Conn. 513, 447 A.2d 396 (1982).

There is no error.

In this opinion the other judges concurred.