[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This vigorously contested dissolution action comes CT Page 3322 to this Court by writ and complaint filed December 20, 1990 and returnable January 1, 1991, by Joann McTigue of 539 Old Laurel Hill Road, Norwich, Connecticut (hereinafter plaintiff/wife), against James M. McTigue (hereinafter defendant/husband) alleging the irretrievable breakdown of the marriage and claiming in addition to a dissolution, alimony, property settlement and other equitable relief as on record appears.
The sheriff's return shows in hand service on the defendant on December 3, 1990. The defendant appeared by counsel on January 2, 1992.
Pendente lite orders were issued on January 14, 1991.
On May 8, 1991, a different attorney appeared for the defendant and the matter was shortly thereafter claimed for the family relations trial list.
On February 7, 1992, a motion to withdraw having been denied, the defendant filed a pro se appearance in lieu of his second attorney's representation and has since that date represented himself.
On April 1, 1992, the matter was assigned for trial. Both parties were present. The plaintiff was represented by counsel. The defendant represented himself, as above.
The plaintiff and the defendant both testified at length concerning the financial aspects of the situation. The plaintiff testified with regard to the causes of the breakdown of the marriage.
The Court will give careful consideration to each and every factor set forth in Section 46b-81 and Section 46b-82 of the Connecticut General Statutes to the extent that there is evidence relating to the same.
From the evidence, the Court finds the following significant facts and reaches the following conclusions.
The parties were married on March 6, 1981. They separated on January 14, 1991. Both parties had been previously married and had children with their previous spouses, but no children were born to this marriage. CT Page 3323
With regard to the causes of the dissolution, the Court finds from the evidence that both parties are equally at fault due to their inability to communicate adequately about difficulties which arose and make resolutions without animosity.
Neither party claims that their age or health is a factor to be weighed by the Court, but it does appear from the appearance of the parties in court that they suffer no noticeable disabilities relating to the same.
Both parties testified concerning their income and expenses. Financial affidavits were filed as required. The defendant was permitted to amend his affidavit on the second day of trial. The plaintiff is employed as a secretary in a civil service employment earning a gross weekly income of $333.20. The defendant is employed as the "clerk of the works" earning a gross weekly income of $769.24. The defendant indicated in court that eventually the job on which he was working would terminate. Other affidavits in the file suggest that the defendant has previously been employed in similar employment for other employers. Both parties are found to have the vocational skills and employability which is reflected by their present circumstances. In addition, the defendant at one time held a real estate license and has completed a real estate appraisal course. They have the opportunity for the future acquisition of capital and income in approximately the proportions which are reflected by their respective gross earnings levels set forth above.
The needs of the parties are set forth in their affidavits which appear to the Court to be prepared on a prospective basis. With regard to the estate of the parties, it is found that both parties came into this second marriage with real property owned individually. The plaintiff owned a house at 32 Perkins Avenue with no encumbrances. The defendant owned a house at 21 Garfield Avenue. During the course of the marriage, both parties worked and their joint funds were used for the maintenance and/or improvement of the real properties from time to time owned by the parties. The Perkins Avenue property was sold during the marriage for a gross sales price of approximately $86,000 (Plaintiff's Exhibit R). The Garfield Avenue property was sold on September 16, 1983 for a gross contract sales price of $52,000 (Plaintiff's Exhibit L).
The plaintiff went into the marriage with a substantial amount of cash on hand which represented a portion of a savings certificate of $17,000, which she had in 1980 (Plaintiff's Exhibit G). The exact amount of this fund which CT Page 3324 remained at the time of marriage was not determined.
During the ten-year period of the marriage, the parties invested in a business known as Mechanical Engineering which, although profitable at first, was discontinued because of difficulties among the owners (see Defendant's Exhibit 5). While the assets of the company have never been accounted for to the satisfaction of the parties, no claims are made with respect to any present value relating to the same.
Also, the parties previously owned some property in Palm Bay, Florida, which has been sold during the pendency of this case with the net proceeds disbursed by agreement and is no longer a matter to be resolved by the Court.
The parties do continue to own, however, two time share units in New York State which entitles them (subject to the payment of the expenses) to enjoy two weeks use of the resort facility per year.
During the pendency of the case, the plaintiff has been using a 1987 Cadillac for transportation while the defendant uses a 1987 Dodge truck. The parties also own a Jeep with a plow (utility vehicle) which is used solely for plowing.
The affidavits of the parties also reflect that each have bank accounts and that the plaintiff has a $1,000 life insurance policy and the defendant has certain tools, a boat, a computer and a retirement account of $11,000.
With regard to the real property, the Court finds that there is now owned property consisting of a house and lot at 539 Laurel Hill Road, Norwich, having a fair market value of $140,000 and subject to encumbrances of approximately $67,619. This includes the original mortgage loan of $27,619 and a $40,000 obligation on a "home equity loan."
The parties own a rental property at 251 Laurel Hill Avenue, Norwich, having a value of $120,000, with a mortgage of $60,114.87.
The parties own a rental property at 390 Norwich Avenue, Norwich, Connecticut, having a value of $120,000, with a mortgage balance of $46,608.26.
There is also owned property at 131 Latham Drive, Griswold, having a value of $123,900, with a mortgage balance of $97,665.21. CT Page 3325
The property at 539 Laurel Hill Avenue contains three apartments. The plaintiff resides in one of the apartments. One of them is presently vacant and the other produces a gross monthly rental of $500. The property at 251 Laurel Hill Avenue contains four apartments. The property at 390 Norwich Avenue also contains four apartments. The defendant is occupying the premises at 131 Latham Drive, Griswold (Pachaug Pond property).
At the conclusion of the testimony, the parties filed claims for relief setting forth their respective positions relating to the matters at issue. These claims have been carefully reviewed and considered by the Court. Neither of the parties makes a claim for alimony.
Giving consideration to the factors set forth above, the Court finds that it has jurisdiction by virtue of the residency of the parties (Section 46b-44 of the General Statutes); and that the marriage has broken down irretrievably. A decree of dissolution is issued and the parties are each hereby declared to be single and unmarried.
The Court orders that the defendant pay to the plaintiff the sum of $1.00 per year alimony modifiable as to term and amount. (See Sands v. Sands, 188 Conn. 98 (1982.))
The Court orders that the plaintiff convey to the defendant such interest as she may have in and to the real property located at 251 Laurel Hill Avenue, Norwich, Connecticut, and the real property located at 131 Latham Drive, Griswold, Connecticut, and the defendant shall hold the plaintiff harmless from any and all obligations relating to the same including, but not limited to, taxes, mortgage loan payments, insurance, return of deposits of tenants, utilities and other expenses.
The defendant shall convey to the plaintiff such interest as he has in and to the real property located at 539 Laurel Hill Road, Norwich, Connecticut, and 390 Norwich Avenue, Norwich, Connecticut, with the plaintiff being responsible to pay and holding the defendant harmless from the mortgage note and home equity loans on the properties as well as any other expenses including, but not limited to, taxes, insurance, utilities, tenants' deposits, and other expenses hereafter due and payable with respect to the operation and maintenance of the said premises.
The defendant shall pay and hold the plaintiff harmless from any liability concerning all the expenses accruing prior to April 30, 1992, with regard to any of the CT Page 3326 real property owned by the parties, including insurance, taxes and other charges (the defendant having had the opportunity to collect the rents up to the time of this judgment).
Each party shall be responsible for any obligations which have been incurred by them subsequent to the date of the separation as above and each shall hold the other harmless from such obligations.
With regard to the personal property, the Court orders that the defendant shall convey, set over and assign to the plaintiff such interest as he has in the 1987 Cadillac automobile and the Jeep vehicle with the snowplow. Plaintiff shall convey, set over and assign to the defendant such interest as she may have in and to the 1987 Dodge truck. Each party shall hold the other harmless from any obligations relating to said vehicles except as specifically provided herein.
The plaintiff shall convey to the defendant such interest as she may own in the two time shares known as Villa Roma in New York subject to such obligations and expenses as may relate to the same which the defendant shall pay and hold the plaintiff harmless.
Each party shall retain control and ownership over their respective savings and investment retirement accounts in their present possession and control except that the parties shall divide equally the present balance in an escrow account with the law firm of Foley, Horvitz and Gravalec (reported by the plaintiff to contain $2,934 at the time of trial), together with any interest and accruals thereon subsequent to said date.
No arrearage is found with regard to the pendente lite orders.
The defendant is ordered to pay to the wife the sum of $518 which the Court finds to have been incurred by the plaintiff for the maintenance of the Cadillac automobile during a period of time when the prior court order required the defendant to be responsible for the same.
Each party shall be entitled to retain and control all personal property, household furnishings, equipment and fixtures located in the real property assigned to them by this judgment.
Each party shall be responsible for any security deposit return connected with the tenants occupying premises CT Page 3327 which have been assigned to them herein by reason of the divisions of property in this judgment. Each party is ordered to turn over to the other party forthwith any rental agreements, accounting records, receipts, deeds, closing statements, utility bills or other items related to the property assigned to them by this judgment.
Each party shall be responsible for their own legal fees incurred during the pendency of this action.
The plaintiff may resume the use of her former name of Joann Chabotte in accordance with the amendment to the complaint filed by stipulation on April 3, 1992.
LEUBA, J.