[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff (hereinafter the husband) commenced this action to dissolve this marriage against this defendant (hereinafter the wife) by a complaint dated September 27, 1994. The parties were married on February 15, 1976 in Monroe, Connecticut and they had three daughters. Lania and Katie D'Amore are twins who have reached their majority and will be entering college later this year. The parties agreed that they are not involved in determining a child support award. Their third daughter, Diana M. D'Amore, was born November 5, 1983 and is now eleven CT Page 4994 years of age.
This is a limited contested action in which both parties testified at trial and were represented by counsel. Both parties have lived in this state for more than one year; therefore, the court has jurisdiction. From the testimony of both parties, the court finds the marriage has broken down irretrievably; therefore, a decree of dissolution is entered on that ground pursuant to § 46b-40(c)(1) of the Connecticut General Statutes.
There was contradictory testimony by the parties as to fault for the breakdown of the marriage. The wife believed the husband's liaisons with other women was the primary cause. The husband admitted to having had one affair after the marriage had broken down about three years ago. The husband felt the wife was insensitive to his emotional needs for affirmation and was physically and emotionally abusive to him and his parents.
The court finds that the husband's affair did not cause the marital breakdown, Venuti v. Venuti, 185 Conn. 156, 159 (1981). The parties are incompatible with different values. In short, the court finds that each party bears some responsibility for the breakdown of the marriage and finds neither at fault.
The court must decide on a fair division of the marital assets and financial orders of child support and alimony. The parties have agreed to custody and visitation as to their eleven year old minor daughter.
DIVISION OF MARITAL ASSETS
In the division of marital assets, the court must consider the statutory criteria under § 46b-81 of the Connecticut General Statutes which includes the length of the marriage, the age, health, causes of the dissolution, station, occupation, sources of income, vocational skills, employability, the estate and needs of each party and the ability each party has to acquire, preserve and maintain future capital assets and the contribution each has made toward acquiring their present assets. Leo v. Leo, 197 Conn. 1, 5 (1985). The division is to give each party what is fair and equitable. Rubin v. Rubin, 204 Conn. 228
(1987).
The husband is now the principal of John Winthrop Middle School in Bridgeport. In the past he supplemented his income by taking a number of part time jobs. He administered a vocational training program for CT Page 4995 inner city youths, trained retarded adults for Goodwill Industries, tutored pupils and did painting and carpentry jobs.
At the same time, the wife worked equally as hard as a homemaker and primary caretaker for the three children. Her responsibilities were more demanding than normal since one of the twin daughters was born with a physical disability and required special attention. She also owned and operated a small children's day care business which she ran out of the marital home for the past fifteen years. She also contributed her income to support the family.
The court has considered the wife's efforts as a mother and homemaker which allowed the husband to advance his career as a school administrator in which he presently is earning a gross annual salary of $77,532. O'Neill v. O'Neill, 13 Conn. App. 300 (1988); Blake v. Blake,207 Conn. App. 217, 221 (1988). The court has also considered the disparity in earning capacity and the limited ability of the wife to acquire future assets as well as the other statutory criteria under § 46b-81 of the Connecticut General Statutes.
During the marriage, the parties have acquired three parcels of real estate which are held jointly. They have stipulated as to the properties' present value. They have also acquired other assets as listed on their financial affidavits. The court has considered all of the criteria of § 46b-81, all the evidence, the current financial affidavits and the case law in entering the following orders:
1. REAL ESTATE TO WIFE TO HUSBAND
a. Marital home, Fairfield, Conn. $220,000
b. Building lot, Venice, Florida 50,000
c. Vacation Home, Westerly, R.I. $186,000
2. RETIREMENT ASSETS (HUSBAND)
a. State Teacher Pension 86,000
b. Pension plan (private institution) 12,438
c. 401B Great America 30,000
d. Vanguard 403B 800 CT Page 4996
3. STOCKS, BONDS, MUTUAL FUNDS, BANK ACCOUNTS (JOINT OR SOLE)
a. Merrill Lynch People's Account 23,876
b. People's Checking and Savings 1,300
4. WIFE'S RETIREMENT ACCOUNT
a. IRA, 401K, KEOGH-People's Bank 5,286
5. OTHER ASSETS — BOATS AUTOMOBILES
a. Boston Whaler (23') and two other boats 10,000
b. 1990 Bronco 10,000
TOTAL $329,162 $305,738
6. The parties shall execute quit claim deeds to the real estate subject to present encumbrances to comply with these orders and any other documents necessary to transfer title.
7. The furnishing and personal property in the marital home shall belong to the wife, and those in the Rhode Island home shall belong to the husband.
8. The parties shall waive any rights to the 1990 Ford Taurus automobile used by their daughter Lania and the 1990 Ford Probe used by their daughter Katie.
9. The $25,000 in Merrill Lynch coupon bonds shall remain in the name of the parties as the educational funds for the college educations of Katie and Lania D'Amore and shall not be an asset of either party.
CUSTODY, VISITATION AND CHILD SUPPORT
The parties have agreed to joint legal custody of their minor daughter Diana with primary residence and physical custody to the wife. The husband shall have alternating weekend visitation from Friday to Sunday evenings and one weekday evening during the week. The parties shall cooperate to arrange for the husband to have additional visitation over school vacations, holidays or other visitation time. CT Page 4997
The child support shall be based on the Connecticut Child Support Guidelines pursuant to § 46b-215a of the Connecticut General Statutes. The court finds the husband's present net weekly income for child support purposes to be approximately $1091.40 a week and the wife's income to be $261; therefore, the court finds child support in the amount of $220 per week in accordance with said guidelines.
ALIMONY
In addition to the division of property under § 46b-81, the court may order periodic alimony to either party after it has considered all the twelve statutory factors in § 46b-82, the alimony statute.
Our Supreme Court has held in numerous cases that the purpose of alimony is to continue the duty to support a spouse and not to punish either party. Tobey v. Tobey, 165 Conn. 742, 748 (1974). It must base any such award on the present available net income and expenses of the parties. Collette v. Collette, 177 Conn. 465, 469 (1979); Fattibene v.Fattibene, 183 Conn. 433, 441 (1981). The factors vary from case to case and a trial court is not required to give any specific weight to any one factor. Weiman v. Weiman, 188 Conn. 232, 234 (1988).
By way of background, this is a nineteen year marriage in which the court has previously found neither at fault.
There was no evidence of the wife wilfully reducing her earnings to base financial awards of earning capacity as was found in the case ofSchmidt v. Schmidt, 180 Conn. 184, 189, 190 (1908); Miller v. Miller,181 Conn. 610, 612. This is not an earning capacity case.
During the past several years, the wife has actively sought to increase her business by being available five instead of four days a week, registered herself with child care agencies and told clients of her interest in gaining their business. She never refused to accept additional children, and with all these efforts, the maximum net annual income was $16,648 in 1994, the highest she ever earned after being in the child care business for sixteen years.
In fact, the wife's earning capacity is at least three times less than the husband's. She is a high school graduate with no particular skills and is now 47 years of age and suffers from a learning disability. Prior to the marriage, she worked as a clerk. Even by taking some refresher courses, her future salary potential is limited at her age and skills. The husband, on the other hand, who is also 47 CT Page 4998 years of age, is a middle school principal with a Master's degree and has excellent management skills and is presently earning $77,000 a year. He has worked at least three additional jobs during the marriage to supplement his income as a school administrator during the past nineteen years. In any event, the monetary awards will be based only on his current net weekly salary found to be $1,091 under the child support guidelines and her net income of $261.
Although no statutory factor is preferred under § 46b-82, the current financial needs and circumstances of both parties are highly significant in determining financial awards. Leveston v. Leveston,182 Conn. 19, 22; Valente v. Valente, 180 Conn. 528. The court finds this case to warrant lifetime alimony to the wife after considering all the evidence and statutory criteria.
After considering the statutory criteria in § 46b-82, the alimony statute, the prior division of assets pursuant to § 46b-81, the child support criteria in § 46b-56 and § 46b-84 as well as the child support guidelines in § 46b-215a, the following unallocated child support and alimony order shall enter. In making the order unallocated, the husband should be able to gain income tax benefits.
1. CHILD SUPPORT AND ALIMONY
 The husband shall pay the wife in unallocated child support and alimony the sum of Four Hundred Fifty ($450) Dollars per week until June 15, 2002. Thereafter, the husband shall pay the wife Two Hundred Thirty ($230) Dollars per week as periodic alimony until the death of either party, the wife's remarriage or statutory cohabitation pursuant to § 46b-86(c) of the General Statutes. Either party may move to modify this award upon proof of a substantial change in circumstances pursuant to § 46b-84 of the General Statutes. These circumstances may be when either party retires or there occurs some other substantial change in their future circumstances.
2. LIFE AND HEALTH INSURANCE
 (a) The husband shall maintain health insurance for the minor child until her majority and any unreimbursed medical, dental, and psychological expenses shall be equally divided between he parties.
 (b) The wife shall be entitled to COBRA benefits under the husband's health policy.
CT Page 4999
 (c) The husband shall name the wife and the minor child as irrevocable beneficiaries on his $150,000 life insurance policy through the Board of Education so long as he has the duty for support and alimony.
3. LIABILITIES
 Each party shall be responsible for his or her own debts as listed on their respective financial affidavits.
4. ATTORNEY'S FEES
 Each party shall be responsible for his or her own counsel fees. The wife has incurred legal fees of $7,000 plus in defending this action. The court has considered the statutory factors in § 46b-62
relative to such fees and finds the wife to have sufficient liquid assets to pay her own fees. Koizim v. Koizim, 181 Conn. 492, 500-501 (1980).
5. The court has considered the wife's failure to pay five month's interest on a home equity loan which was ordered pendente lite. In fashioning these financial awards, therefore, payment is excused.
Orders will enter in accordance with the foregoing.
ROMEO G. PETRONI, JUDGE