[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This matter comes before the court as a limited contested dissolution of a marriage which occurred between the parties on CT Page 13017 August 26, 1989 in Ridgefield, Connecticut. The plaintiff has resided continuously in this state for at least twelve months next preceding the filing of this complaint. There are no minor children issue of this marriage, and no children have been born to the defendant wife since the date of the marriage. Neither party is receiving support or maintenance from the State of Connecticut.
From the evidence presented at trial, the court finds the following:
1. The plaintiff is employed by Alistar Beverage and earns approximately $32,500 per annum.
2. The defendant is a second semester sophomore at the University of North Carolina at Charlotte. Her earnings from part-time employment as a horse/rider trainer provide approximately $3,400 per annum. Other temporary work provides additional income ranging from $64.88 to $178 per week.
3. Prior to the marriage, with the assistance of both their families, the parties jointly purchased a condominium. Title to this property is in the plaintiff's name but the mortgage to the property is in joint names. The plaintiff refused the defendant's offer to have the property listed for sale by her father which would have saved the cost of the sales commission. The plaintiff also refused the defendant's offer to take over responsibility of the property. The plaintiff allowed friends to live in the condominium from June or July of 1993, through January of 1995. According to the plaintiff, no rent was received from these individuals, although they did pay for their utility usage. As the mortgage went unpaid, a foreclosure proceeding was commenced. This property has been foreclosed and there is some deficiency which will likely be due on the debt. The plaintiff's actions with regard to this property did nothing to preserve this asset and contributed substantially to any deficiency which is ultimately determined to be due.
4. The defendant's parents divorced on April 26, 1989. The defendant's mother was tragically injured in an accident and died on May 9, 1989. As her previously executed last will and testament was invalidated by the divorce, the defendant and her brother were the only heirs-at-law of their mother's estate. The defendant and her brother, Sean Finch, also served as administrators of the estate. Both testified to the fact that the CT Page 13018 real property owned jointly by the defendant's parents, at the time of her death, was probated as a 50 percent interest, rather than the greater interest to which the decedent would be entitled pursuant to the terms of the dissolution judgment. Former attorney for the estate and now Judge of Probate, Joseph Egan, also testified regarding the probating of the estate. All state and federal taxes were paid, the final accounting was filed and approved and no appeal was taken. The testimony of these witnesses is found to be credible.
5. The plaintiff made no contribution to the acquisition of the defendant's interest in her mother's estate which vested in the defendant prior to the marriage.
6. The plaintiff provided some minor assistance to the defendant in the preservation of the estate property through periodic manual labor on the horse farm and by obtaining and/or advancing some funds to pay portions of the estate taxes.
7. Any loans obtained by the plaintiff for such taxes were repaid.
8. The plaintiff lived rent and utility free on the estate property from October 1990 to approximately July of 1993.
9. There was no evidence of any appreciation in these assets resulting from any contribution by the plaintiff.
10. Having considered all of the criteria of section 46b-81
of the General Statutes, the court finds that the plaintiff should not share any further in the assets received or to be received from the defendant's mother's estate. Accordingly, this dissolution court will not address the issue raised at trial by the plaintiff of whether the estate was properly probated.
11. The plaintiff's testimony at trial lacked credibility. His responses to cross-examination were often evasive. He frequently had an inability to recall. On June 14, 1995, a subpoena duces tecum was served on the plaintiff for the production of certain documents on the next court date of June 30, 1995. The plaintiff failed to 1 produce even one document in response to this subpoena at the court appearance of June 30.
12. The weightier and more credible evidence leads to the conclusion that the plaintiff may well be more at fault for this CT Page 13019 dissolution, but fault is no longer that significant having become a mere element for consideration as opposed to a controlling determination. Sands v. Sands, 188 Conn. 98, 102.
13. There is the requisite jurisdiction.
14. The marriage has broken down irretrievably, and there is no prospect of reconciliation.
15. The husband has an established wage earning capacity in excess of $30,000.
16. The wife's wage earning capacity is inferior to that of the husband at this time.
17. The wife will have liquid assets available to her from her share of the sale of the farm which can be used as necessary to supplement her wages.
18. The parties separated in January of 1993.
The court has considered all of the criteria of sections 46b-81 and46b-82 of the General Statutes, together with the provisions of section46b-62 and all of the evidence and the case law. Based upon all of the foregoing, the court enters the following orders:
A. A decree of dissolution of the marriage shall enter on the grounds of irretrievable breakdown.
B. The defendant shall transfer to the plaintiff all right, title and interest in the 1984 Sunrunner boat.
C. The defendant shall transfer to the plaintiff all right, title and interest in the 1992 Ford truck. The plaintiff shall be responsible for the remaining balance of the loan thereon.
D. Except as otherwise provided in this decision, the plaintiff shall be entitled to all other personal property in his possession including the computer and camcorder.
E. The parties shall each be responsible for and promptly pay one-half of any deficiency judgment related to the condominium. Each party will fully indemnify and hold the other harmless from any liability, including counsel fees related to the payment and/or collection of the other party's share. CT Page 13020
F. Alimony in the amount of one ($1) dollar per year is awarded from the plaintiff to the defendant and from the defendant to the plaintiff. These alimony awards are modifiable only in the event that the payor has declared bankruptcy and discharged his or her respective obligation concerning the deficiency. No other alimony is awarded to either party.
G. The defendant shall be entitled to her interest in her deceased mother's estate free of claim from the plaintiff.
H. The A.G. Edwards account shall t)e divided equally between the parties.
I. Except as otherwise provided In this decision, each party shall be responsible for, pay and indemnify the other party harmless from, any liability for the debts reflected on his or her respective financial affidavits.
J. Except as otherwise provided in this decision, the defendant shall be entitled to the personal property in her possession.
K. The defendant's maiden name of Heather J. Finch is hereby restored.
L. Having considered the other financial orders in this decision, no counsel fees are awarded to either party.
Dennis, J.