[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, State of Connecticut, Department of Social Services, appeals a decision of the West Hartford Probate Court approving the periodic account of the defendant, Suzanne M. Gordon, conservatrix of the estate and person of Esther Richards, which account included conservatrix fees of $11,835. The grounds for this appeal is that because the Department of Social Services had provided public assistance to defendant's ward, the fees awarded to the defendant exceeded the limit provided C.G.S. § 45a-594e(a)[1] and the procedure prescribed by that statute for CT Page 4384 awarding fees in excess of that limit for extraordinary services was not followed.
This court, after a de novo hearing (Prince v. Sheffield,158 Conn. 286, 294 (1969)), found the following facts:
The Department of Social Services, petitioned the West Hartford Probate Court on November 22, 1993 for the appointment of a conservator of Esther Richards on the ground she exhibited a high level of confusion and dementia. The application stated Richards "has not received public assistance or institutional care from the State of Connecticut." The Probate Court appointed defendant Suzanne Gordon conservatrix of the estate and person of Richards on January 25, 1994.
The Department of Social Services rendered protective services to Richards, in the form of providing a night-time companion and health aide assistance from October 27, 1993 until February 1, 1994. The State placed a value of $12,372 on these services. However, it never billed the Richards' estate or Richards' conservatrix, or in any manner sought reimbursement. The fact of such State services was known to the defendant and revealed to the Probate Court before it rendered the decision here appealed from.
The conservatrix performed considerable services for her ward, who was an elderly and disoriented person. Because the ward's husband, Harold Richards, also lived in the same house and was as confused as Esther Richards (having just been released from the Institute of Living), the affairs of the couple were intermeshed, and the conservatrix had to render services also for Mr. Richards.
On February 10, 1995, defendant filed an interim accounting, as conservator of the person and estate of Esther for the year January 25, 1994 to January 24, 1995. The accounting revealed the estate had assets on hand for distribution of $85,287.43 and the ward's income for the year amounted to $45,464.34. Five percent of that amount is $2,273.22. In the accounting, defendant requested conservatrix fees of $11,835.
The probate judge feeling the fees were high and wanting further substantiation of them, noticed separate hearings for March 21, 1995, first, on the fees and next on the interim accounting. Notice was sent to the Department of Social Services on February 28, 1995, more than ten (10) days before the CT Page 4385 scheduled hearing. Paul Ballish of the Department of Social Services appeared at the hearings on both issues, opposed the fees on the grounds they exceeded the limit set by § 45a-594(a), and opposed the interim accounting containing those fees.
The defendant presented a full summary of the services she rendered and the time spent. The Probate Court judge testified at this trial that in his opinion, the conservatrix's service [sic] were extraordinary, particularly because she really had to manage the estate and affairs both of Mr. and Mrs. Richards, in that their matters could not be severed. He found the defendant's hourly fee of $125 as conservatrix of the ward's estate and $50 as conservatrix of the person to be "on the reasonable low end, a little below average."
After the hearings on March 21, 1995, the Probate Court rendered a decision approving the defendant's fees and approving the interim accounting.
A threshold issue[2] is whether or not the State is aggrieved so as to have standing to appeal. C.G.S. § 45a-186. "Aggrievement as a concept of standing is a practical and functional one designed to assure that only those with a genuine and legitimate interest can appeal an order of the Probate Court . . . . In determining whether an appellant has a grievance . . . the question is whether there is a possibility,
as distinguished from a certainty, that some legally protected interest which he has in the estate has been adversely affected."Erisoty's Appeal from Probate, 216 Conn. 514, 519 (1990) (underlining added). In the instant case the State claims aggrievement as a result of an amount owed for earlier public assistance rendered and as a result of exposure for payment of future public assistance which may be rendered. Defendant claims the State is not a legitimate creditor because it has never made a claim on the estate for the value of services rendered. Moreover, it asserts the Richards' estate is not insolvent, has the money to pay the State for those services, and, in fact, the defendant offered in open court to pay but the State refused to accept payment.
While the defendant may be right that the State cannot assert a real interest when it will not accept payment for a past debt, the State does have a legally protected interest as to possible future assistance payments. Section 45a-594(a) requires a limitation on conservator's fee if the ward is receiving public CT Page 4386 assistance. In this case the ward was receiving such assistance during the period of the defendant's account. This court infers from that statutory requirement that once the State has rendered public assistance the likelihood of it having to do so in the future creates the possibility of its interest in the ward's estate being adversely affected. Sands v. Sands, 188 Conn. 98,104 (1982). Particularly is that so in this case where defendant's interim account reveals Esther Richard's estate assets on hand for distribution amount to $85,237.43, and the conservatrix paid out for household, medical and miscellaneous expenses $78,014.13 for one year. Thus the court concludes the State is aggrieved and has standing to protect the ward's estate assets under § 45a-594(a).
Turning to the merits of this appeal, the State claims that the provisions of § 45-594 (a) are mandatory and those provisions were not here complied with when the conservatrix failed to file a petition to be paid for extraordinary services, and the petition and notice of hearing were not served on the Commissioner of Administrative Services.
This court holds, first, that § 45a-594(a) does not mandate an express petition by a conservator to be compensated for extraordinary services. The exact language is "Ifextraordinary services are rendered by any conservator or guardian, the court of probate, upon petition and hearing, may authorize reasonable additional compensation (underlining added)."
This court finds defendant filed an interim accounting requesting fees which clearly exceeded the five percent limitation of the statute. The Probate Court set down the matter of the conservatrix's fees for a separate hearing. The probate court gave timely notice to the Department of Social Services. A hearing on the fees were held. A representative of the Department of Social Services appeared and opposed the requested fees as in violation of § 45a-594(a). The probate court judge testified he found the defendant had rendered extraordinary services and that the fees she requested and he allowed were reasonable. The judge further testified that the only difference from complete compliance with the statute was that nobody expressly said that the hearing on the conservatrix's fees were for extraordinary services. On these facts, this court concludes the petition and hearing requirements of the statute were complied with. CT Page 4387
On the requirement of notice, it is conceded notice of the interim accounting was given to the Department of Social Services. This is understandable since that Department had applied for the conservatorship and had rendered the public assistance to the ward. However, the statute requires that notice be given to the commissioner of administrative services. That requirement is mandatory and failure of the Probate Court to give such notice rises to the level of a jurisdictional defect. GlenChauffer, Inc. v. Kennedy, 37 Conn. Sup. 654, 656-57 (App. Session, Sup. Court, 1981); Aurora v. Zoning Board of Appeals,153 Conn. 623, 625 (1966).
Accordingly, the appeal is sustained, and the case is remanded to the West Hartford Probate Court to notify the commissioner of administrative services of the defendant's application for conservatrix fees and to hold a hearing, after timely notice, pursuant to § 45a-594(a).
SATTER, J.