[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an administrative appeal from a final decision of the defendant, Freedom of Information Commission ("FOIC"), brought pursuant to General Statutes §§ 1-206 (d) of the Freedom of Information Act ("FOIA") and 4-183 of the Uniform Administrative Procedure Act ("UAPA"). The plaintiff, Board of Public Safety, city of Torrington ("the Board"), seeks review of the decision of the FOIC in its contested case Docket No. FIC 2000-323, Schapp v. Torrington Board of Public Safety, based upon the assignments of error in its December 28, 2000 administrative appeal. CT Page 15613
By letter dated June 19, 2000, Timothy J. Schapp, Deputy Fire Chief, filed a complaint with the FOIC alleging that the Board held an illegal executive session at its June 14, 2000 meeting. Schapp claimed that the Board discussed his employment in executive session without affording him an opportunity to request that such discussion be conducted in public. (Return of Record ("ROR"), Item 1.) The FOIC heard Schapp's complaint as a contested case on July 25, 2000 before hearing officer Mary E. Schwind. (ROR, Item 15, p. 28.) On July 20, 2000, the plaintiff filed a request for continuance of the hearing date, which was denied (ROR, Item 5, p. 10; Item 7, p. 12; Item 15, pp. 31-32; Item 16, p. 38), as was its request that the hearing officer recuse herself (ROR, Item 15, pp. 32, 38.)
The administrative record supports the following relevant facts: Schapp attended a regularly scheduled meeting of the Board on June 14, 2000, with the expectation that the Board would present him with a letter initiating termination proceedings against him and scheduling further hearing dates on those proceedings. (ROR, Item 8, p. 13, Item 15, p. 33.) At the meeting, the Board, at the suggestion of the Mayor, voted to add "an Executive Session under personnel for the Fire Department to its agenda" by two-thirds vote. (ROR, Item 8, p. 17.) Toward the end of the meeting, the Board voted unanimously to go into executive session. (ROR, Item 8, p. 19.) When questioned by a reporter as to the purpose of the executive session, the mayor responded: "It's for a report from our counsel in regard to Personnel matters. . . . Fire Department, Personnel." (ROR, Item 8, p. 19.) Shortly thereafter, the Board reconvened in public and authorized its counsel to begin disciplinary hearings against Schapp and to suspend him with pay indefinitely. Schapp inquired if he had been discussed in executive session and the mayor denied that he was, saying that only Schapp's name was mentioned. (ROR, Item 8, p. 19.)
In its decision, the FOIC concluded that the plaintiff had violated the provisions of the FOIA because the Board had failed to provide Schapp with reasonable notice that his employment would be discussed in executive session and therefore had not given Schapp the opportunity to require that such discussion be conducted in public in accordance with General Statutes § 1-200 (6)(A). The FOIC concluded that the executive session was not otherwise permitted by General Statutes § 1-200 (6) (B) since the Board failed to prove that it was a party to a pending claim or pending litigation related to this matter. Furthermore, the FOIC determined that the Board was not deprived of due process by the hearing officer's denial of the Board's request for continuance and the refusal of the hearing officer to recuse herself. The FOIC ordered Schapp's suspension to be declared null and void and the Board henceforth to comply with the provisions of the FOIA. CT Page 15614
The court reviews the issues raised by the Board in its appeal in accordance with the limited scope of judicial review afforded by the UAPA, General Statutes § 4-166 et seq. Director, Retirement andBenefits Services Division v. Freedom of Information Commission,256 Conn. 764, 770 (2001). "[The court] must decide, in view of all the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily or illegally, or abused its discretion. . . . Conclusions of law reached by the administrative agency must stand if the court determines that they resulted from a correct application of the law to the facts found and could reasonably and logically follow from such facts. . . . [I]t is the well established practice of this court to accord great deference to the construction given [a] statute by the agency charged with its enforcement. . . ." (Citations omitted; internal quotation marks omitted.) Director, Retirement and Benefits ServicesDivision v. Freedom of Information Commission, supra, 256 Conn. 770-71.
In this case, the Board raises the following issues: (1) that the FOIC erred in concluding that based on substantial evidence the Board discussed Schapp in executive session; (2) that the FOIC erred in concluding that the executive session was not for the purpose of discussing negotiations and strategy with respect to a pending claim or litigation; and (3) that the hearing officer abused her discretion in not granting the Board a continuance or in declining to recuse herself as hearing officer. The court decides these issues based on the facts of this case.
The Board argues that the FOIC erred in concluding that Schapp's employment status was discussed in executive session because the mayor's affidavit, which the Board claims was the only evidence proffered, says they did not. Issues as to the weight of the evidence are exclusively within the province of the trier of fact. Wheat v. Red Star ExpressLines, 156 Conn. 245, 252 (1968). The credibility of witnesses and determination of issues of fact are matters within the province of the administrative board. Sweetman v. State Elections EnforcementCommission, 249 Conn. 296, 332 (1999). In determining whether an administrative finding is supported by substantial evidence, a court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented by any witness in whole or in part. Pizzo v. Commissioner of MotorVehicles, 62 Conn. App. 571, 579 (2000). This court must determine whether there was substantial evidence to support the agency's finding of fact and whether or not the agency correctly applied the law to those facts. Cadlerock Properties v. Commissioner of Environmental Protection,253 Conn. 661, 676, cert. denied, ___ U.S. ___, 148 L.Ed.2d 963,121 S.Ct. 1089 (2000). CT Page 15615
It is clear from an examination of the record that the Board discussed Schapp's employment status in executive session. The Board has admitted in its brief that the purpose of the executive session included discussing counsel's report regarding disciplinary actions against members of the Torrington Fire Department. (Plaintiff's Brief, p. 2.) Immediately following the executive session, the Board authorized its counsel to suspend Schapp and commence disciplinary action against him. (ROR, Item 8, p. 19.) The FOIC correctly failed to credit the mayor's statement to the contrary. Inferences drawn from uncontested fact are as much evidence as statements in affidavits. Mikolinski v. Commissioner ofMotor Vehicles, 55 Conn. App. 691 (1991).
The Board also asserts that when it convened its executive session on June 14, 2000, it was for the purpose of strategy and negotiations with respect to pending claims and litigation within the meaning of General Statutes § 1-200 (6)(B). This argument is hardly persuasive. Even if the discussion constituted negotiations, no claims or litigation were pending as to Schapp. Pending claims and litigation are defined in General Statutes § 1-200 (8) and (9) as follows:
 (8) "Pending claim" means a written notice to an agency which sets forth a demand for legal relief or which asserts a legal right stating the intention to institute an action in an appropriate forum if such relief or right is not granted.
 (9) "Pending litigation" means (A) a written notice to an agency which sets forth a demand for legal relief or which asserts a legal right stating the intention to institute an action before a court if such relief or right is not granted by the agency; (B) the service of a complaint against an agency returnable to a court which seeks to enforce or implement legal relief or a legal right; or (C) the agency's consideration of action to enforce or implement legal relief or a legal right.
While the Board considered taking "action" in the form of suspension and disciplinary action against Schapp, that is not the kind of "action to enforce or implement legal relief or a legal right" contemplated by General Statutes § 1-200 (9) because General Statutes § 1-200 (6) requires that the agency considering such action to be a party to a pending claim or pending litigation. The Board was not a party to any pending claim or litigation. CT Page 15616
The Board's claim that the executive session was proper because its counsel orally delivered a report in executive session that was protected by the attorney-client privilege is also without merit. Whether an executive session may be convened for an agency to receive advice from its attorney is plainly answered by General Statutes § 1-231 (b), which expressly provides:
 An executive session may not be convened to receive or discuss oral communications that would otherwise be privileged by the attorney-client relationship if the agency were a nongovernmental entity, unless the executive session is for a purpose explicitly permitted pursuant to subdivision (6) of section 1-200.
In turn, § 1-200 (6) provides:
 "Executive sessions" means a meeting of a public agency at which the public is excluded for one or more of the following purposes: (A) Discussion concerning the appointment, employment, performance, evaluation, health or dismissal of a public officer or employee, provided that such individual may require that discussion be held at an open meeting; (B) strategy and negotiations with respect to pending claims or pending litigation to which the public agency or a member thereof, because of his conduct as a member of such agency, is a party until such litigation or claim has been finally adjudicated or otherwise settled; (C) matters concerning security strategy or the deployment of security personnel, or devices affecting public security; (D) discussion of the selection of a site or the lease, sale or purchase of real estate by a political subdivision of the state when publicity regarding such site, lease, sale, purchase or construction would cause a likelihood of increased price until such time as all of the property has been acquired or all proceedings or transactions concerning same have been terminated or abandoned; and (E) discussion of any matter which would result in the disclosure of public records or the information contained therein described in subsection (b) of section 1-210.
The plain language of General Statutes § 1-231 (b) prohibits convening in executive session to receive or discuss attorney-client privileged oral communications unless permitted by General Statutes § CT Page 156171-200 (6). Section 1-231 (b) establishes that the receipt or discussion of attorney-client privileged oral communications does not constitute an independent bases for an executive session. The Board, in this case, never established a reason to convene its executive session other than to receive its counsel's oral report. In addition, there is no evidence in the record to establish that any confidential communications occurred in executive session.
The Board's argument that General Statutes §§ 1-231 (b) and 52-148r of the Connecticut Statutes conflicts with Shew v. Freedom of InformationCommission, 245 Conn. 149 (1998) is equally without merit. While it is axiomatic that privileged communications are exempt from disclosure under FOIA, this does not open the door to permit a municipal agency to convene in executive session for the sole purpose of orally receiving a privileged communication. A condition precedent is that the executive session must be convened for a legitimate and permissible purpose. Municipalities cannot justify executive sessions solely on the basis of receiving privileged oral communications since no written record exists for the FOIC to evaluate a complaint concerning such a practice.
The Board's claim for deprivation of due process in that the hearing officer denied the Board's request for a postponement of the July 25, 2000 hearing as well as its motion to recuse herself is also unavailing. The Board claims that the FOIC has in other cases granted similar continuances. The request for recusal was based on the Board's claim that a member of the FOIC's staff told Schapp, in response to the postponement request, that he had "a very good case".
A motion for continuance is a matter of discretion and will not be reversed absent a clear abuse of that discretion. Leveston v. Leveston182 Conn. 19, 24 (1980); Allen v. Pathmark of Bridgeport, Inc.,176 Conn. 124, 130 (1978); State v. Manning, 162 Conn. 112, 121 (1971). Schapp objected to the postponement and despite the assertion by the Board that "several" or "some" of the its members were not available for the July 25, 2000 hearing, the Board made no representation as to who was unavailable and failed to proffer what evidence would be presented. At the hearing, the Board offered into evidence an affidavit from one of his unavailable witnesses that was accepted. The Board at the hearing never offered the written report into evidence and made no attempt to produce such a report as an after-filed exhibit pursuant to § 1-21j-38 of the Regulations of Connecticut State Agencies. The Board failed to exhaust its administrative remedies with respect to filing written testimony or exhibits to cure any evidentiary gaps that it claims were caused by the denial of the request for continuance. The Board could simply have offered affidavits and documents just as it did with the mayor's affidavit. Our Supreme Court has left no doubt that the canons of CT Page 15618 judicial ethics that apply to judges on claims for bias or prejudgment do not apply to administrative hearing officers. Clisham v. Board of PoliceCommissioners, 223 Conn. 354, 361 (1992); Petrowski v. Norwich FreeAcademy, 199 Conn. 231, 238 (1986). The only claim of bias made by the Board is that the ombudsman assigned to effectuate a settlement of the case had told Schapp that he had a strong case. While Schapp should not have communicated this comment to the hearing officer neither the federal courts nor our Supreme Court require a due process standard so difficult to implement that administrative agencies would not be able to function in the community. Petrowski v. Norwich Fire Academy, supra, 199 Conn. 237.
The plaintiff's appeal is dismissed.
Howard T. Owens, Jr., Judge