RICHARD LACROIX *v.* JOANNA LACROIX
(10301)

SPEZIALE, C. J., PETERS, HEALEY, SHEA and GRILLO, JS.

Argued January 12—decision released April 12, 1983

*Richard L. Goldblatt,* for the appellant (plaintiff).

*Brian M. Gildea,* for the appellee (defendant).

SPEZIALE, C. J.  This is an appeal from the award of alimony and the assignment of property incident to a decree dissolving the eleven-year marriage of the parties.  The plaintiff filed an amended complaint on October 24, 1979, alleging that the marriage had broken down irretrievably and seeking a decree of dissolution, custody of the two minor children of the parties, and "[s]uch other relief as to equity may appertain."

Testimony and argument on the complaint was heard by the *Hon. Norman M. Dube,* state referee, on June 27, 1980.  During the course of the hearing it came to the trial court's attention that no cross complaint had been filed.  At the court's suggestion, and over the objection of the plaintiff,[1] the defendant was permitted to file a hand-written answer and cross complaint.  The court then proceeded with the hearing.  At the conclusion of the hearing on June 27, the court rendered an oral decision dissolving the marriage, awarding custody of the children to the defendant wife, ordering

---

[1] The plaintiff did not request a continuance nor does he claim on appeal that he was prejudiced in the trial or preparation of the case by the belatedness of the defendant's claim for alimony.  In his objection he did not call the attention of the court to General Statutes § 46b-67 which he now relies upon.  We must review his claim of error, nevertheless, because it involves subject matter jurisdiction.

support payments be paid for the children and alimony be paid to the defendant, and ordering the sale of the jointly owned home.

On appeal, the plaintiff's sole claim is that the trial court was without jurisdiction[2] to award alimony or any part of the proceeds of the sale of real property to the defendant on the basis of the cross complaint. He asserts that General Statutes § 46b-67[3] mandates a twenty-day waiting period after the filing of a cross complaint in a dissolution proceeding before any action may be taken on that cross complaint. He therefore claims that the alimony and property awards are void, because those issues were not raised in his complaint and could not be considered under the cross complaint without violating § 46b-67. We agree that § 46b-67 by its clear language forbids the consideration of a cross complaint until twenty days after it is filed and, therefore, the court could not make awards

---

[2] The argument by the defendant that we are without jurisdiction to hear this claim because it was not raised below is without merit. The plaintiff's claim goes to the subject matter jurisdiction of the court which may be raised at any time.

[3] "[General Statutes] Sec. 46b-67. (Formerly Sec. 46-44). WAITING PERIOD. EFFECT OF DECREE. (a) Following the expiration of ninety days after the day on which a complaint for dissolution or legal separation is made returnable, or after the expiration of six months, where proceedings have been stayed under section 46b-53, the court may proceed on the complaint, or whenever dissolution is claimed under cross complaint, amended complaint or amended cross complaint, the case may be heard and a decree granted thereon after the expiration of the ninety days and twenty days after the cross complaint, amended complaint or amended cross complaint has been filed with the court, provided the requirement of the twenty-day delay shall not apply (1) whenever opposing counsel, having appeared, consents to the cross complaint, amended complaint or amended cross complaint, or (2) where the defendant has not appeared and the amendment does not set forth either a cause of action or a claim for relief not in the original complaint. Nothing in this section shall prevent any interlocutory proceedings within the ninety-day period."

based on the defendant's cross complaint. We cannot agree, however, that the trial court lacked jurisdiction to make the challenged awards. We find no error.

The trial court ordered that "[t]he jointly owned premises located at 769 Totoket Road, is hereby ordered speedily sold . . . [a]nd the net proceeds . . . shall be divided one-third to the Plaintiff and two-thirds to the Defendant." The plaintiff's claim that this award was error is most easily answered by the fact that he requested a sale and division as part of his relief.[4] He may not claim as error that which he has requested; see *Housing Authority* v. *Pezenik*, 137 Conn. 442, 448, 78 A.2d 546 (1951); nor may he challenge the court's unequal distribution of the sale proceeds unless it was an abuse of discretion. *Carpenter* v. *Carpenter*, 188 Conn. 736, 741-42, 453 A.2d 1151 (1982). The plaintiff has not claimed abuse of discretion; we therefore need not consider this claim further.

The plaintiff also claims that for the same reason (§ 46b-67) the court was without jurisdiction to order alimony based on the cross complaint. The statute which should be considered on the question of an alimony award, however, is not § 46b-67 but § 46b-82. That section states, in part: "At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other . . . ." Nowhere does the statute make the award contingent on a specific request for alimony by the party to whom it is awarded. In *Sands* v. *Sands*, 188 Conn. 98, 99, 448 A.2d 822 (1982), not

---

[4] At the close of testimony, the court asked, "What does the plaintiff want?" The plaintiff's counsel responded, "Your Honor, we're asking that the house on Totoket Road be sold and that the proceeds be divided equally between the parties."

only had neither party requested alimony, but they also had stipulated that none was to be awarded. There, we nonetheless upheld the trial court's decision to award one dollar per year alimony as part of the court's general equitable power.[5] "Although created by statute, a dissolution action is essentially equitable in nature. *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 583, 362 A.2d 835 (1975). 'The power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances which arise out of the dissolution of a marriage.' Id., 585." *Robinson* v. *Robinson,* 187 Conn. 70, 71–72, 444 A.2d 234 (1982).

As previously noted, in his pleadings the plaintiff made a claim for "[s]uch other relief as to equity may appertain." The court determined that the equitable relief necessary to the decree of dissolution included an alimony award. The plaintiff seeks equity only for himself, but this he may not do. One who seeks equity must also do equity and expect that equity will be done for all. See *Sturgis* v. *Champneys,* 5 Myl. & Cr. 97, 105, 41 E.R. 308 (1839)[6]; 1 Pomeroy, Equity Jurisprudence 419, § 385 et seq. (1881). An equitable award may be found to be error only if it is based on factual findings that are clearly erroneous; *Kaplan* v. *Kaplan,* 186 Conn. 387, 391–92, 441 A.2d 629 (1982);

[5] The equitable consideration in *Sands* was the state's interest in alimony where one party may apply for welfare assistance while the other party has sufficient funds for support of both parties. *Sands* v. *Sands,* 188 Conn. 98, 104, 448 A.2d 822 (1982). The powers of a court of equity, however, are obviously not limited to cases where there is a state interest.

[6] "[I]t appears that the equity which this Court administers in securing a provision and maintenance for the wife is founded upon the well-known rule of compelling a party who seeks equity to do equity . . . ." The Lord Chancellor [Cottenham] in *Sturgis* v. *Champneys,* 5 Myl. & Cr. 97, 105, 41 E.R. 308 (1839).

or if it is the result of an abuse of discretion. *Tutalo* v. *Tutalo,* 187 Conn. 249, 251–52, 445 A.2d 598 (1982); see *McP.hee* v. *McPhee,* 186 Conn. 167, 177, 440 A.2d 274 (1982). No such claim has been made here.

There is no error.

In this opinion the other judges concurred.