[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on October 29, 1955 in Mathews, Virginia. There have been three children issue of the marriage, the oldest of which is 34 and the youngest of which is 26. The parties have resided in Connecticut for 27 years.
The parties own real property at 207-9 Sheridan Street in Bridgeport, Connecticut. This property consists of three apartments, the first floor of which is occupied by the parties. At the present time, the defendant is occupying the marital apartment, and the plaintiff is residing temporarily with one of her daughters. She left the home the end of March of this year.
The plaintiff is 53 years of age. She is a high school graduate and has worked as a cashier for the Grand Union for 24 years. She has been on worker's compensation since February, 1989 when she was operated upon with a cervical spinal fusion and nerve repair. This difficulty began in 1972 when she suffered an injury at work and, until February, 1989 and her operation, she had intermittent spells of being unable to work. She receives $275.00 per week in worker's compensation.
The defendant is in his mid fifties. He is totally disabled and has been since 1972 and receives Social Security disability. He receives $665.00 per month in Social Security benefits. He went through the ninth grade in school and worked as a merchant seaman aboard an oyster boat performing loading and unloading operations. In 1962, he went to work for M P S Company as a warehouseman, loading trucks.
In 1972 the defendant suffered his injury and has had 23 — 24 separate operations over a 17 year period. His last CT Page 116 operation was one and a half years ago. He wears a brace on his back, has an artificial hip and included in the 23 — 24 operations are 18 operations on the hip, many necessitated because the ball joint of the hip kept becoming loose. He has a pin from his knee to his hip.
The defendant opened a bar business on Stratford Avenue in 1975 for a period of three to five years. At that time his Social Security benefits were discontinued. He appealed and the benefits were subsequently restored. He has also worked part time for a bar called Sound Effects West earning $5.00 per hour plus tips. He has painted some of the rooms in the apartments, has mowed the lawn and trimmed the hedges from time to time, and has ridden as an assistant on a tractor-trailer, helping the driver with the paperwork on his deliveries within the State of Connecticut.
The court finds that he is able to perform part time work and could supplement his Social Security benefits by $100.00 to $125.00 per week, which is approximately the amount of the shortfall between his disability benefits and his weekly expenses.
The marriage has broken down irretrievably. The I plaintiff complained of verbal abuse and threats by the defendant that he "would do more than just talk." The defendant claimed that she harassed him and accused him of being unfaithful. He agreed that they would argue, but denies that he threatened her.
The plaintiff's chief complaint was that the defendant would go out in the morning, would be gone all day and into the night and return at 1:00 or 2:00 in the morning and that this went on every day. She stated she could not understand somebody going out with nowhere to go and nothing to do every day, and she saw no money. This has gone on for the last year and a half.
In 1980, the parties purchased the present marital property. Its purchase price was $42,700.00. The down payment consisted of $4,000.00 plus closing costs and attorney's fees with a mortgage for the balance. The plaintiff contributed the entire down payment and has paid all the bills connected with the property entirely since February, 1989, when she took over the bill paying. The plaintiff testified that since 1980 the defendant has contributed an average of $500.00 per year toward the household expenses. When he did pay, he paid only the light, phone and cable television bills.
The plaintiff seeks to have the defendant's interest CT Page 117 in the real property conveyed to her on the basis that she has been virtually the sole contributor to their property. The other two apartments are rented, and the plaintiff collects the rent from these apartments amounting to $225.00 per week.
In plaintiff's financial affidavit, she has listed the mortgage payment as an expense. She has $500.00 per week income (including her worker's compensation of $275.00) and expenses of $558.00 per week.
The parties also own property in Center Knoll, Virginia. The defendant values this property at $25,000.00 while the plaintiff values it at $12,000.00. There is a $4,000.00 indebtedness. Plaintiff believes this property should be the property of the defendant. He has contributed most of the money toward keeping it.
Finally, the real issue of contention between the parties is the issue of alimony. The plaintiff claims that since the defendant has not requested alimony by way of specific relief, that the defendant cannot now be heard to request alimony. Section 456 of the Practice Book is entirely permissive and does not require the defendant to file an answer, claim for relief or a cross complaint. It is part of the court's general equitable powers to act equitably and to fashion relief as it may see fit applying the factors of 46b-81 and46b-82 of the General Statutes. See LaCroix v. LaCroix,189 Conn. 685, 689 (1983); Sands v. Sands, 188 Conn. 98, 105, 106
(1982).
It should further be noted that the plaintiff claimed alimony by way of relief in her complaint thus placing the issue of alimony before the court. As was noted by the Supreme Court in LaCroix, supra, "One who seeks equity must also do equity and expect that equity will be done for all."
In this case each of the parties have physical disabilities. It is equitable that this court have continuing jurisdiction to enter further orders relating to spousal maintenance or support. The court, therefore, orders that there shall be bilateral awards of $1.00 per year alimony.
The court finds as follows:
1. There is the requisite jurisdiction.
 2. The allegations of the complaint have been proved and are true.
3. The marriage of the parties has broken down irretrievably. CT Page 118
4. The defendant is at fault for the breakdown of the marriage.
Having considered all the factors of 46b-81 and46b-82 of the General Statutes, the relevant facts and the case law, the court enters the following orders:
1. The marriage of the parties shall be dissolved on the grounds of irretrievable breakdown of the marriage.
2. The defendant's interest in the real property at 207-209 Sheridan Street in the city of Bridgeport is assigned to the plaintiff pursuant to the provisions of 46b-81 of the General Statutes. The plaintiff shall be wholly responsible for all outstanding liabilities upon this property except for the cable television, the electric and telephone charges for the apartment occupied by the defendant until he vacates the same. The defendant shall be entitled to possession of this apartment without paying rent therefore until October 1, 1990 at which time he shall vacate the property. The plaintiff shall be entitled to all rents from the other apartments upon the property and shall be responsible for the existing mortgage and all other expenses incident to the property and shall indemnify and hold harmless the defendant from any claim or demand thereon.
3. The property in Carter Knoll, Virginia shall be wholly the defendant's, free of any claim or demand by the plaintiff, and the plaintiff shall quitclaim all of her right, title and interest in and to said property to the defendant. The defendant shall indemnify and hold harmless the plaintiff upon the existing encumbrances upon this property.
4. Each of the parties shall pay to the other party alimony in the amount of $1.00 per year.
5. The plaintiff's 1976 Camaro, savings account at People's Bank and her pension at Grand Union shall all be the plaintiff's free of any claim or demand by the defendant.
6. The plaintiff's specific award under Workman's Compensation when it is received shall be wholly hers free of any claim or demand by the defendant.
7. The 1981 Chevrolet Caprice shall be wholly the defendant's free of any claim or demand by the plaintiff.
8. The appliances in the parties' apartment at 207-209 Sheridan Street shall be the plaintiff's, free of any claim or demand by the defendant. The defendant's clothing and personal CT Page 119 effects shall be his free of any claim or demand by the plaintiff. The parties shall endeavor to divide the remainder of their tangible personal property as they shall agree. In the event they are unable to agree, they are referred to Family Services for resolution of any disputes or differences with respect to the division of their tangible personal property. If they are still unable to resolve such disputes or differences, they shall return to court for further orders.
Judgment shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE