[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Middlebury Partnership and General DataComm, Inc., brought this action on December 10, 1992, seeking monetary damages and a declaratory judgment declaring the defendant's, Middlebury Water Pollution Control Authority (WPCA), enactment of a new system of assessing sewer use fees void.
The following facts are not in dispute. On April 26, 1991, the defendant published a notice of hearing concerning the proposed new sewer use charges. The public hearing was held on May 9, 1991. The defendant voted to adopt the new sewer use charges on May 16, 1991. The defendant filed the new schedule of sewer use charges with the Middlebury Town Clerk on May 17, 1991. The defendant thereafter on May 21, 1991, published the new schedule of sewer use charges in a newspaper having a general circulation CT Page 5215 in Middlebury. The new sewer use charges went into effect on July 1, 1991. The plaintiffs paid their sewer use charges, based on the new rates, in 1991 and 1992. It should be noted that neither party has stated whether a copy of the proposed charges were on file with the town clerk's office when notice of the hearing was published on April 26, 1991, as required by General Statutes7-255(a).
The defendant filed a motion to dismiss with an accompanying memorandum of law on February 3, 1993. The plaintiffs filed a memorandum in opposition to this motion on February 25, 1993, and then the defendant filed a reply to plaintiffs' memorandum on February 26, 1993.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). Subject matter jurisdiction is the court's "authority to adjudicate a particular type of legal controversy." State of Connecticut v. Malkowski, Administrator, 189 Conn. 101, 105,454 A.2d 275 (1983). "The source of a court's jurisdiction is `the constitutional and statutory provisions by which it is created.'" Demar v. Open Space Conservation Commission, 211 Conn. 416, 425,559 A.2d 1103 (1989).
A motion to dismiss for lack of subject matter jurisdiction may be raised at any time. LaCroix v. LaCroix, 189 Conn. 685, 687
n. 2, 457 A.2d 1076 (1983). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, 218 Conn. 531, 545,590 A.2d 914 (1991).
The defendant contends that the court lacks subject matter jurisdiction over this action because the plaintiffs have failed to appeal the new sewer use charges within the time allowed under Connecticut General Statutes 7-255(a). The defendant also argues that it has fully complied with the requirements of Connecticut General Statutes 7-255 and that it was specifically authorized to change the sewer use charges by the powers granted to it by Connecticut General Statutes 7-247.
The plaintiffs contend that they may bring this action because the defendant lacked power to adopt the new rate structure for sewer use charges and therefore, the defendant's adoption of this new rate structure is void ab initio and the plaintiffs' CT Page 5216 claim is not subject to the time limitations enumerated in Connecticut General Statutes 7-255(a). See Moscowitz v. Planning Zoning Commission, 16 Conn. App. 303, 313, 547 A.2d 569 (1988). The plaintiffs also argue that the defendant, pursuant to Connecticut General Statutes 7-247, had previously adopted a regulation, Article XI, which at the time that the rate change in issue was passed required the defendant to use a three tier rate structure when revising its sewer use charges. The defendant's new rate structure, according to plaintiffs, is based on a 21 tier plan that appears in an amended version of Article XI that became effective only after the rate change was passed. The plaintiff therefore argues that the rate structure approved on May 16, 1991, was in violation of the version of Article XI in effect on that date. In addition, the plaintiff argues that the defendant failed to take into consideration any factors enumerated in Connecticut General Statutes 7-255 in placing a disproportionate share of operating costs upon commercial sewer users. The plaintiff contends that the administrative record does not contain any empirical data to support the newly enacted charges.
Connecticut General Statutes 7-247 provides: "Any municipality by its water pollution control authority may acquire, construct and operate a sewerage system or systems; . . . may establish and revise rules and regulations for the supervision, management, control, operation and use of a sewerage system . . . ."
Connecticut General Statutes 7-255(a) provides:
 (a) The water pollution control authority may establish and revise fair and reasonable charges for connection with and for the use of a sewerage system. The owner of property against which any such connection or use charge is levied shall be liable for the payment thereof. Municipally-owned and other tax-exempt property which uses the sewerage system shall be subject to such charges under the same conditions as are the owners of other property, but nothing herein shall be deemed to authorize the levying of any property tax by any municipality against any property exempt by the general statutes from property taxation. No charge for connection with or for the use of a sewerage system shall be established or revised until after a public CT Page 5217 hearing before the water pollution control authority at which the owner of property against which the charges are to be levied shall have an opportunity to be heard concerning the proposed charges. Notice of the time, place and purpose of such hearing shall be published at lest ten days before the date thereof in a newspaper having a general circulation in the municipality. A copy of the proposed charges shall be on file in the office of the clerk of the municipality and available for inspection by the public for at least ten days before the date of such hearing. When the water pollution control authority has established or revised such charges, it shall file a copy thereof in the office of the clerk of the municipality and, not later than five days after such filing, shall cause the same to be published in a newspaper having a general circulation in the municipality. Such publication shall state the date on which such charges were filed and the time and manner of paying such charges and shall state that any appeals from such charges must be taken within twenty-one days after such filing. In establishing or revising such charges the water pollution control authority may classify the property connected or to be connected with the sewer system and the users of such system, including categories of industrial users, and may give consideration to any factors relating to the kind, quality or extent of use of any such property or classification of property or users including, but not limited to, (1) the volume of water discharged to the sewerage system, (2) the type or size of building connected with the sewerage system, (3) the number of plumbing fixtures connected with the sewerage system, (4) the number of persons customarily using the property served by the sewerage system, (5) in the case of commercial or industrial property, the average number of employees and guests using the property and (6) the quality and character of the material discharged into the CT Page 5218 sewerage system. The water pollution control authority may establish minimum charges for connection with and for the use of a sewerage system. Any person aggrieved by any charge for connection with or for the use of a sewerage system may appeal to the superior court for the judicial district wherein the municipality is located and shall bring any such appeal to a return day of said court not less than twelve or more than thirty days after service thereof. The judgment of the court shall be final.
(Emphasis added.)
The defendant (authority) had the jurisdiction (power) to adopt the new sewer use charges. "The water pollution control authority may establish and revise fair and reasonable charges for connection with and for the use of a sewerage system." Connecticut General Statutes 7-255. The fact that the revisions to Article XI, the article by which the municipality establishes its sewer use charges are established, were not adopted until May 21, 1991, five days after the new sewer use charges were adopted could deprive the defendant of its authority to revise the sewer use charges even though the new sewer use charges were not effective until July 1, 1991. That is a question of fact for the trier to determine. The defendant was not powerless to adopt a new 21 tier rate structure as the plaintiff contends. However the trier of this matter will have to determine if the new 21 tier rate structure should have been on file with the clerk of the municipality when the defendant published a notice of hearing on April 26, 1991, concerning the proposed new sewer use charge or if it should have been on file ten days prior to the public hearing held on May 9, 1991. The version of Article XI in effect on May 16, 1991, specifically provided that: "The annual charge for use of the Middlebury Sewerage System shall be established by the WPCA and revised from time to time by the WPCA, following a Public Hearing in accordance with Connecticut General Statute 7-255 . . . ." (Emphasis added)
Since there are questions of fact which only the trier can resolve and which will be determinative of the issues raised by the defendant's motion to dismiss, the said motion to dismiss is denied. CT Page 5219
/s/ William J. Sullivan, J. WILLIAM J. SULLIVAN