[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 9574
This is an administrative appeal brought by the plaintiffs, Prestige Oldsmobile, Inc. ("Prestige") and Valenti Auto Sales, Inc[.] ("Valenti"), challenging a decision of the State of Connecticut Department of Motor Vehicles ("DMV"). The facts which give rise to this appeal are essentially undisputed.
On January 30, 1992, General Motors Corporation ("GM") notified The Alderman Motor Company ("Alderman"), as required by § 42-133dd,[1] of its intention to relocate its dealer point due to the discontinuation of Oldsmobile dealership operations by GM's former dealer, Prestige. This letter informed Alderman that GM intended to remain in Wallingford, Connecticut, and would accomplish this by joining Valenti Auto Sales.
Within the time specified by § 42-133dd(a) Alderman filed a protest concerning the relocation of the Oldsmobile dealership with the Commissioner of the DMV. On April 22, 1992, the DMV held a hearing to address this protest. By decision dated July 23, 1992, a DMV officer denied GM's petition to establish the new dealership.
On September 10, 1992 GM, Valenti, and Prestige filed an appeal of the DMV decision in Superior Court. On June 15, 1993, the court (Maloney, J.) remanded the case to the DMV for a more detailed decision articulating how the statutory factors established in § 42-133dd(c) influenced the decision.[2]
On November 20, 1993 the DMV issue an Amended Decision, giving greater consideration to the seven criteria listed in § 42-133dd(c). Once again, the DMV determined that there was good cause for denying the establishment of an additional dealership at Valenti Auto Sales in Wallingford. On February 10, 1994, Valenti and Prestige appealed from the DMV's Amended Decision.
Currently before the court is the defendant's motion to dismiss for lack of subject matter jurisdiction.[3] The defendants claim that the plaintiffs do not have standing to challenge the DMV decision.
The defendants argue that the plaintiffs lack standing because they were not parties to the administrative hearing and because they were not aggrieved.[,][4] by the administrative CT Page 9575 decision. The defendants also argue that this court lacks subject matter jurisdiction over this appeal because the plaintiffs did not serve the appeal in a timely fashion as required by § 4-183.
A motion to dismiss for lack of subject matter jurisdiction may be raised at any time. LaCroix v. LaCroix, 189 Conn. 685,687 n. 2 (1983). "Subject matter jurisdiction cannot be waived or conferred by consent." Demar v. Open Space ConservationCommission, 211 Conn. 411, 416 (1989). "It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court." Gurliacci v. Mayer, 218, 531, 545 (1991). "It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction." UnisysCorp. v. Department of Labor, 220 Conn. 689, 693 (1991). A Challenge to the plaintiff's standing to bring an action is a challenge to the subject matter jurisdiction of the trial court.Nationwide Mutual Ins. Co. v. Pasion, 219, 764, 767 (1991).
Because of the unique factual scenario of this case, the three arguments of the defendants are in the alternative but to a large extent overlap as well. In this court's view, the jurisdictional issue is resolved by an examination of the express statutory language of § 42-133dd. That section provides in relevant part: "(e) Any parties to a hearing by the commissioner concerning the establishing or relocating of a dealer may appeal any decision or order of the commissioner in accordance with section 4-183." (Emphasis added.)
"The right to appeal to the courts from the decision of an administrative agency exists only if given by statute . . . and is conditioned upon strict compliance with the provisions by which it created." (Citations omitted.) Roger v. Commission of HumanRights and Opportunities, 195 Conn. 543, 550 (1985). §42-133dd(e) expressly provides a right to appeal a decision concerning the establishment or relocation of a dealership to any party to the administrative hearing. In the present case, the only parties to the April 22, 1992 administrative hearing were GM and Alderman.
Despite the defendants' seemingly indisputable contention that Valenti and Prestige were not parties to the original administrative hearing, Valenti and Prestige argue to the contrary. They argue that they were parties to the original administrative action by virtue of their joining in GM's Petition CT Page 9576 for Reconsideration of the DMV decision. However, in this court's view, the fact that they plaintiffs petitioned for reconsideration of the DMV decision does not bestow party status on them.[5]
The determination that the plaintiffs herein were not parties to the original DMV hearing renders moot the defendants' argument that the appeal was not filed in a timely manner pursuant to § 4-183(c)[6]. Because the plaintiffs were not parties to the administrative hearing, they were not entitled to appeal the decision, and there was no requirement that the agency notify them of the decision. Accordingly, when the plaintiffs actually received notice and when they served the appeal are irrelevant dates.
For all of the foregoing reasons, the defendants' motion to dismiss is granted.
STANLEY, J.