## MARION D. LORD *v.* FRANKLIN L. LORD, JR. (14478)

Foti, Landau and Heiman, Js.

Argued December 17, 1996—officially released February 25, 1997

---

*Franklin L. Lord, Jr.*, pro se, the appellant (defendant).

*Rob Cary, Jr.*, with whom, on the brief, was *Barbara M. Quinn*, for the appellee (plaintiff).

*Charles C. Anderson*, for the minor child.

FOTI, J. The defendant appeals from the judgment of dissolution. He claims that the trial court improperly (1) awarded lump sum alimony, (2) granted custody of the minor child, (3) awarded child support, (4) found facts not supported by the evidence, (5) failed to uphold a prenuptial agreement, (6) entered various orders, including financial orders and an award of attorney's fees and (7) failed to remove counsel for the minor child. The defendant also claims that the trial court abused its discretion by acting in a biased manner toward him, holding a hearing on a motion for contempt and making a finding of contempt and setting an arrearage without a factual basis. We affirm the judgment of the trial court.

The parties were married on February 26, 1983, and at the time of the trial had one minor child. The defendant appeared pro se at trial. The trial court, *Teller, J.*, filed a well reasoned and thorough forty-one page memorandum of decision after a six day trial. The court determined that the prenuptial agreement was unenforceable due to, inter alia, the informality of the agreement. It

further opined that both parties had engaged in a number of actions that were symbolic of the level of animosity and lack of communication between them. The court found that the marriage had broken down irretrievably and that the parties were equally responsible for the breakdown. On January 9, 1995, the trial court rendered judgment dissolving the parties' marriage, awarding joint legal custody of the minor child to both parties with primary physical custody to the plaintiff, and issuing a number of financial orders.[1]

On January 23, 1995, the defendant filed a motion for stay of execution of the financial orders, arguing that the imposition of these orders during the appeal period would undermine his due process rights and cause economic hardship. On February 6, 1995, the trial court ordered that counsel fees be stayed, but denied the defendant's motion regarding support payments.

On January 30, 1995, the plaintiff filed a motion for contempt, arguing that the defendant had failed to pay pendente lite support of $150 per week during the proceedings and had not made the child support payments of $170 per week ordered January 9, 1995. On February 6, 1995, the defendant filed a motion to recuse the trial judge, arguing that he was biased as evidenced by his failure to find the defendant's testimony credible. The trial court denied this motion on the same day. On February 14, 1995, the defendant filed this appeal pro se.

---

[1] The court ordered the defendant to pay $150 per week for child support, plus an additional $20 per week for as long as the child is enrolled in private school. The defendant was also ordered to pay a child support arrearage of $461.26 within thirty days, and attorney's fees of $4500 to the plaintiff's counsel and $4067 to the child's counsel. The trial court ordered the defendant to pay the plaintiff lump sum alimony in the amount of $65,000, payable in equal monthly amounts of $500 beginning February 1, 1995. The award was to be secured by a mortgage deed and note on two properties owned by the defendant. In the event the defendant failed to pay any installment within thirty days, or defaulted on the note and mortgage securing those payments, the unpaid balance would accelerate and become due immediately.

On August 7, 1995, the trial court, *Hendel, J.*, granted the plaintiff's January 30, 1995 motion for contempt and ordered the defendant to pay the arrearage of $3197.96 on or before September 5, 1995. The defendant filed a motion to open and reverse that decision on August 10, 1995. The trial court, *Hendel, J.*, denied that motion on August 21, 1995. On September 5, 1995, the pro se defendant filed an amended appeal, challenging the contempt decision.

On October 2, 1995, the plaintiff, the defendant, and counsel for the minor child entered into a stipulation that the total child support arrearage was $3775. The defendant agreed to pay the present support order of $150 per week with an additional $50 per week allotted to the arrearage. The stipulation indicates that it was in satisfaction of the contempt motion and any present claim for counsel fees regarding that motion.[2] The stipulation was approved by the trial court, *Levine, J.*

I

We first address the defendant's claim that the trial court improperly awarded the plaintiff lump sum alimony. The defendant argues that the trial court's award of lump sum alimony under the claim for relief entitled "such other relief as the court deems appropriate" is improper, that notice was lacking and that no factual basis existed to support such an award.[3] We do not agree that the trial court lacked authority or abused its discretion in awarding lump sum alimony.

---

[2] While it may be argued that the defendant's entry into the stipulation without specifically conditioning that agreement on his right to pursue an amended appeal constituted a waiver of any defects in the contempt finding, we conclude that the amended appeal is not rendered moot on this account because the finding of contempt in this case may have future collateral consequences. See *Sgarellino* v. *Hightower*, 13 Conn. App. 591, 593–95, 538 A.2d 1065 (1988).

[3] The defendant claims that the plaintiff did not allege such a claim for relief in her complaint, and that her claims for relief, in not asking for alimony, waived any right to an award of alimony.

We have often stated that the power to act equitably is the keystone to the court's ability to fashion relief in the infinite variety of circumstances that arise out of the dissolution of a marriage. *Tessitore* v. *Tessitore*, 31 Conn. App. 40, 45, 623 A.2d 496 (1993). These equitable powers give the court the authority to consider all the circumstances that "may be appropriate for a just and equitable resolution of the marital dispute." (Internal quotation marks omitted.) *Sands* v. *Sands*, 188 Conn. 98, 105, 448 A.2d 822 (1982), cert. denied, 459 U.S. 1148, 103 S. Ct. 792, 74 L. Ed. 2d 997 (1983). The trial court may award alimony to a party even if that party does not seek it and has waived all claims for alimony. Id., 102 (court free to reject stipulation of parties for no alimony as unfair and inequitable and to award $1 per year alimony).[4] A trial court may award alimony as part of the court's general equitable power. *LaCroix* v. *LaCroix*, 189 Conn. 685, 689, 457 A.2d 1076 (1983).

Our review of the record reveals that during the course of the trial, the plaintiff expressly waived periodic alimony, but did not waive lump sum alimony.[5] The defendant did not request a continuance at this point, but he now claims, on appeal, that he was prejudiced by a lack of "notice" that the court would be

---

[4] "The equitable consideration in *Sands* was the state's interest in alimony where one party may apply for welfare assistance while the other has sufficient funds for support of both parties. . . . The powers of a court of equity, however, are obviously not limited to cases where there is a state interest." *LaCroix* v. *LaCroix*, 189 Conn. 685, 689 n.5, 457 A.2d 1076 (1983).

[5] The following exchange took place during the trial:

"The Court: This claim, roman numeral four, says the plaintiff waives any and all her claim to alimony, that means either periodic or lump sum alimony.

"Plaintiff's Counsel: Just periodic, Your Honor.

"The Court: Just periodic. And the reason you're stating that and the evidence you've elicited from her with respect to periodic alimony claim is that she has some fear or apprehension that Mr. Lord may not abide by a court order, is that it?

"Plaintiff's Counsel: Yes, that's one aspect of it."

awarding lump sum alimony. He does not claim, however, that this belated claim for alimony by the plaintiff hampered his preparation of the case or his defense of the matter. We must conclude that the defendant's claim that his constitutionally protected due process rights were violated is without merit. Our review of the record also discloses that the defendant's claim that the trial court abused its discretion in awarding lump sum alimony is without merit. The record provides a factual basis for the trial court's decision to award lump sum alimony.[6] We cannot say as a matter of law that the court's findings are not reasonably supported by the record.

## II

We next address the defendant's argument that the trial court abused its discretion by failing to remove the attorney for the minor child. This claim is controlled by our decision in *Taff* v. *Bettcher*, 35 Conn. App. 421, 646 A.2d 875 (1994). The defendant has no standing to raise a claim on behalf of the minor child, who is represented by a court-appointed attorney to protect that child's best interest. The defendant's motion to dismiss the attorney appointed by the court to represent the child claimed that the attorney negligently and incompetently represented the minor child. The defendant did not claim, nor did he demonstrate to the trial court, that his request was made to prevent prejudice

---

[6] The trial court stated the following: "The court notes that the wife is in need of support for herself as she has a substantial shortfall between her present net income and her child support when compared to her net weekly expenses and debt service. The alimony order set forth is expressly intended for the wife's support and for no other purpose and is intended to be actually in the nature of alimony as that term is used in 11 U.S.C. 523 (a) (5), so that it is the intent of this order that the alimony not be affected by any discharge in bankruptcy. Although the plaintiff did not claim alimony in her complaint and appears to waive it in her proposed orders, I find that the lump sum alimony award entered is the most appropriate way to secure the support needed by the wife in the future."

to his own case. See *Schult* v. *Schult*, 40 Conn. App. 675, 687 n.10, 672 A.2d 959, cert. granted on other grounds, 237 Conn. 912, 675 A.2d 885 (1996).

## III

The defendant's remaining claims can perhaps best be categorized as a valiant but futile attempt to retry the case in this court. No novel principles of law or appellate procedures are involved, and to discuss these claims would serve no useful purpose. See *Byrne* v. *Trice*, 170 Conn. 442, 365 A.2d 1063 (1976); *DeVincentis* v. *DeVincentis*, 39 Conn. App. 931, 667 A.2d 570 (1995). Our standard of review is very narrow, and we will afford great deference to the trial court's rulings. *Roach* v. *Roach*, 20 Conn. App. 500, 505, 568 A.2d 1037 (1990). We will not reverse the judgment of the trial court unless it can be shown that the trial court misapplied the law or could not reasonably have reached its conclusions as it did. *Curzi* v. *Curzi*, 21 Conn. App. 5, 7, 570 A.2d 1134, cert. denied, 215 Conn. 802, 574 A.2d 217 (1990). We also recognize that "because every family situation is unique, the trial court drafting a dissolution decree has wide discretion to make suitable orders to fit the circumstances." *Passamano* v. *Passamano*, 228 Conn. 85, 91, 634 A.2d 891 (1993). The credibility of witnesses, the findings of fact and the drawing of inferences are all within the province of the trier of fact. *Grayson* v. *Grayson*, 4 Conn. App. 275, 293, 494 A.2d 576 (1985), appeal dismissed, 202 Conn. 221, 520 A.2d 225 (1987). We review the findings to determine whether they could legally and reasonably be found, thereby establishing that the trial court could reasonably have concluded as it did. *Zolan, Bernstein, Dworken & Klein* v. *Milone*, 1 Conn. App. 43, 47, 467 A.2d 938 (1983). We have fully considered the defendant's claims and have thoroughly reviewed the briefs and the record of this case. Having applied the appropriate standard of review, we conclude that the trial court's

findings are not clearly erroneous, that it did not abuse its discretion and that its decision, including the contempt finding, conforms to the applicable law.

The judgment is affirmed.

In this opinion the other judges concurred.