[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
This court issued a memorandum of decision in the above-captioned case on October 29, 1996. Thereafter, the plaintiffs filed a motion for reargument. While the plaintiffs indicated that they desired oral argument, their counsel was unable to attend oral argument until May 5, 1997, when the motion came before this court.
The plaintiffs raise two grounds in their motion to reargue. One is their claim that this court did not properly interpret the CT Page 6092 ruling of the Supreme Court in Kent v. Middlesex Assurance Co.,226 Conn. 427 (1993). As has already been suggested in the original memorandum of decision, this court disagrees with the plaintiffs' contention that in Kent the Supreme Court imposed a burden of proof on insurers to demonstrate that the premium charged for uninsured/underinsured motorist coverage was based on single coverage rather than stacked coverage.
The plaintiffs had the burden of proving their claim that they were entitled to more than one $300,000 coverage. This the plaintiffs did not do. As has been discussed in detail at page3-6 of the original memorandum of decision, the evidence presented has led this court to conclude that more probably than not the coverage actually purchased by, and therefore available to, the plaintiffs was $300,000 per accident, not $900,000 per accident.
The second issue raised in the plaintiffs' motion for argument is the claim that this court failed to address the propriety of the arbitrators' allocating all of the $300,000 in coverage to plaintiff Judith Dobuzinsky and nothing to plaintiff George Dobuzinsky. This court is surprised by the assertion of this claim, which was not identified as a ground for vacating the arbitration award in the Application to Vacate, Correct or Modify Award filed on June 14, 1995. The only grounds stated, at paragraph 8 of that application, were as follows:
 8. The arbiters failed to conform their award to the laws of the State of Connecticut, thereby they exceeded their powers and/or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made in one or more of the following respects, in that:
 a) They failed to allow intra-policy stacking of uninsured motorist coverage;
 b) They failed to award sufficient damages.
In their award, the arbitrators stated that "the parties have agreed that the case of Judith Dobuzinsky should be considered by the Arbitrators first before the case of George Dobuzinsky, and it is so agreed." Pursuant to this agreement, the arbitrators awarded the full amount of the coverage that they found to exist under the policy, $300,000, to Judith Dobuzinsky (less a credit CT Page 6093 of $35,000) and found that this award exhausted the coverage so issued no award to George Dobuzinsky.
It appeared to this court that the claim of error stated in paragraph 8 of the application to vacate the arbitration award did not concern the claim of George Dobuzinsky since it did not clearly state as much and since the application did not contain any denial of the arbitrators' recitation of the agreement that Judith Dobuzinsky's claim be considered first. That agreement, which the plaintiffs do not deny having made, carried with it the prospect that if coverage were found to be $300,000 it would be exhausted by considering Judith Dobuzinsky's award first, since her injuries were severe. Having agreed to have the arbitrators proceed in that manner, George Dobuzinsky is estopped from claiming that this conduct was beyond the powers of the arbitrators. This court cannot find that arbitrators acted beyond their powers when the parties empowered them by way of a stipulation to proceed in the manner that they did. "A litigant may not claim as error that which he has requested." LaCroix v.LaCroix, 189 Conn. 685, 688 (1983); Housing Authority v. Pezenik,137 Conn. 442 (1951).
This court believes that all of the claims raised by the plaintiffs in their application to vacate the arbitration award were considered in accordance with the appropriate standards and application of the decision in Kent. No change to this court's ruling of October 29, 1996 has been shown by the plaintiffs to be warranted.
Beverly J. Hodgson Judge of the Superior Court