[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, George Guertin, has filed an application for a temporary and permanent in junction and order to show cause against the defendants, Jasjit and Ranjna Bindra, to enjoin them for constructing an addition to their home at 179 Neptune Drive, Mumford Cove, in the Town of Groton, Connecticut. The plaintiff also filed a verified complaint stating that he is the record owner of property known as 189 Neptune Drive, Mumford Cove, in the Town of Groton, Connecticut. He alleges that his property abuts that of the defendants' and that they have begun construction of an addition to their home without the approval of the Mumford Cove Association, as required by their deed and in violation of the rules and regulations of the Association. He also claims that the addition will obstruct the ocean view from his property.
After a hearing on the temporary injunction, the parties agreed on October 16, 1998 that no further work would be done on the addition until after the court's hearing and ruling on the permanent injunction.
In their answer to the complaint, the defendants admit that they are the owners of 179 Neptune Drive and that their deed does include several restrictions as set forth in the complaint, specifically regarding the requirement that any extensions or additions to the property may not be done without the approval of the Mumford Cove Association, Inc. They deny or claim no knowledge as to the other allegations.
At a hearing on December 8, 1998, the plaintiff testified as to how his view would be blocked if the proposed construction was completed according to plan. He also testified that he observed construction work beginning August 20, 1998, consisting of the footings for the extension. He testified that he was the owner of 189 Neptune Drive, but had received no notice of the proposed construction. He did not believe that the defendants had the approval of the Association as required by their deed. When shown the letter from the chairman, Severn S. Carlson to Kevin A. Quinn, the Building and Zoning Official of the Town of Groton, approving the proposed addition, he claimed Carlson did not have CT Page 1467 authority from the members of the Association to approve the construction. Carlson testified that the Committee reviews plans and decides whether to accept or reject them. It does not, and never has, notified anyone outside the Construction Standards Committee about any applications. The Committee reviews the plans and make sits own decision based upon the application. In this case, it based its decision on plans and photos submitted. Each member of the Committee was consulted and they all approved the plans. The Committee members did not feel the plaintiff's view would be obstructed. They considered the question of whether the new construction would block a neighbor's view as required by Section B 2(b) of the Rules and Regulations and decided it would not.
The defendants called a witness from the Mumford Cove Association, Cynthia Cary, president of the Board of Directors of the Mumford Cove Association, who testified that the method used by Carlson and his committee has been used as far back as she can recall, at least six years prior to 1990 when she joined the Board. She testified that nobody ever questioned the way the approvals were made in all that time.
Kevin Quinn testified that the procedure has always been that the Association has advised him of their approval, by letter from the chairman of the Committee, of a proposed addition and, thereafter, he issues the appropriate permit. In this case, he stated that he issued the permit to the defendants after receiving the January 2, 1990 letter from the Association signed by Carlson. He also said that a shed put up by Guertin was approved in the identical manner.
After the plaintiff rested his case, the defendants recalled Guertin to the witness stand and confronted him with a Quit Claim Deed dated April 4, 1996, which transferred the property at 189 Neptune Drive from George A. Guertin to George A. Guertin, Trustee. He then acknowledged that he had prepared and signed the deed.
After the close of the evidence, the defendants moved for judgment because the plaintiff was not the record owner of the property at 189 Neptune Drive as he alleged in the application for an in junction, the verified complaint and his sworn testimony at trial on December 8, 1998. They also claim that the plaintiff failed to prove his claims that the defendants did not have approval of the Association for the addition as required by CT Page 1468 the restrictions in their deed and the rules and regulations of the Association. In fact, they claim that they did have such approvals as supported by the evidence at the trial.
The plaintiff claims in his complaint, that he was the record owner of the property next to that of the defendants and that the defendants began construction of an addition without the written approval of the Mumford Cove Association, Inc. in violation of the restrictions of their deed and in violation of the rules and regulations of the Association.
The court finds that Guertin was not the record owner of the property as he alleged and testified. The court also finds that he failed to prove that the defendants did not have the appropriate approvals before they commenced construction. A plaintiff cannot prevail where he fails to prove a material allegation of his complaint. Willametz v. Guida-Seibert DairyCo., 157 Conn. 295 (1968). (See separate memorandum denying the plaintiff's request to substitute a party plaintiff.)
As trustee, Guertin has failed to offer any evidence of his right to bring an action for an injunction for the obstruction of the view of George A. Guertin, not the record owner of the property.
With regard to the claim that the defendants did not have the approval of the Association to construct their addition, the court finds to the contrary. The evidence disclosed that the defendants submitted plans for their addition to the Construction Standards Committee of the Association in December, 1997. The plans were reviewed and according to the chairman of the Construction Standards Committee, Severn Carlson, complied with the requirements of the Association in every way. The Committee also viewed the two properties involved and specifically determined that Guertin's view was not blocked because prior to construction the view was already partially obstructed by a tree. The court after a review of the exhibits, including photos and a video tape must agree with the finding of the Committee. Carlson wrote to Kevin Quinn, Building and Zoning Official of the Town of Groton, on January 2, 1998 stating that the Committee had approved the proposed addition (Def. Exh. 8). Quinn testified that he received the letter and, thereafter, issued a building permit. In addition, he testified that this was the procedure he had followed for the past eleven years. He also stated that a request by Guertin for an addition to his home was approved in CT Page 1469 the same way in 1992. Finally, Carlson testified that at a March, 1998 meeting of the Association he told the members the addition had been approved by his Committee.
Although Guertin claims proper procedures were not followed, the court is satisfied that the defendants did everything they could be expected to do. They submitted plans, had them approved by the Committee and obtained a town building permit. At its March, 1998 meeting, the Association was notified of the Committee's approval of the plans. The defendants did not begin construction until August 22, 1998. The witnesses from the Association, Carlson and Cary, and Quinn from the Town, testified that this was the procedure in use without objection for several years.
An injunction is an equitable remedy. It is undisputed that all owners of the Association, including Guertin, used the same process for obtaining approvals from the Association. One who seeks equity must also do equity. LaCroix v. LaCroix,189 Conn. 685 (1983). The court cannot allow Guertin to seek an injunction based upon the same methods and procedures that he himself used in the past, and was used by all members for many years as any witness can remember.
 CONCLUSION
Guertin alleged two fundamental claims in his complaint. One, that he was the record owner of the property next to that of the defendants and, two, that the defendants began construction of the addition to their home without the appropriate approvals and in violation of the rules of the Association. Further, he claims that the addition obstructs his view of the water.
The court finds that Guertin failed to prove any of these allegations.
The court finds in favor of the defendants on all issues and denies all of the plaintiff's requests for relief.
_______________________________________________ D. Michael Hurley, Judge Trial Referee