## CATHERINE QUINDAZZI *v.* DANIEL QUINDAZZI
### (AC 18191)

Foti, Spear and Vertefeuille, Js.

Argued October 19, 1999—officially released January 11, 2000

*C. Michael Budlong,* with whom was *Campbell D. Barrett,* for the appellant (defendant).

*Charles F. Stelljes,* with whom, on the brief, was *Marvin Borofsky,* for the appellee (plaintiff).

VERTEFEUILLE, J. The defendant, Daniel Quindazzi, appeals from the judgment of the trial court in this action for dissolution of marriage. The defendant claims that the court improperly ordered him to maintain life insurance for the benefit of the parties' minor children without evidence of (1) the availability of such insurance, (2) the cost of such insurance and (3) his insurability. We agree with the defendant, reverse the judgment with respect to the court's financial orders and remand the matter for a new trial.[1]

The following facts are relevant to this appeal. The parties were married on April 7, 1981, and there were two minor children of the marriage at the time of the dissolution. The plaintiff, Catherine Quindazzi, brought this dissolution action in June, 1996. The matter was claimed to the contested trial list and was referred to the regional family trial docket. On the assigned trial date, the defendant, whose attorney had withdrawn his appearance with the permission of the court a few days earlier, failed to appear despite knowing that the trial was going forward. The court therefore treated the matter as an uncontested dissolution. The court heard testimony from the plaintiff and listened to the arguments of her counsel and counsel for the children. The court then rendered a judgment of dissolution that included certain financial orders. The court ordered the defendant to pay the plaintiff $150 per week as support for the two minor children, and ordered him to maintain

---

[1] The defendant raises several other challenges. His claim that the court should have recused itself is moot pursuant to General Statutes § 51-183c, which requires that a different judge preside at the new trial. In addition, the defendant at oral argument abandoned his claim under § 12132 of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., which was not raised at trial. Because we agree with the defendant on the life insurance issue and therefore reverse the court's financial orders and remand this case for a new trial, we need not address these other claims.

life insurance in the amount of $100,000 and to name the children as irrevocable beneficiaries until the youngest of them reaches age nineteen.

"Our standard of review in a domestic relations case is well settled. We will not substitute our judgment for that of the trial court and will not disturb an order of the trial court absent an abuse of discretion or findings lacking a reasonable basis in the facts." (Internal quotation marks omitted.) *Papa* v. *Papa*, 55 Conn. App. 47, 50, 737 A.2d 953 (1999). An order for life insurance "is very often an appropriate and necessary component of a judgment of dissolution of marriage." *Michel* v. *Michel*, 31 Conn. App. 338, 340, 624 A.2d 914 (1993). Such an order, however, must have a reasonable basis in the evidence. *Papa* v. *Papa*, supra, 50.

Our review of the record reveals that the court's order that the defendant maintain life insurance lacks a reasonable basis in the facts. There was no evidence that the defendant had a life insurance policy at the time of the dissolution, nor was there any evidence of his insurability or the cost of the insurance as of that time. The only testimony regarding insurance was the plaintiff's testimony that the defendant had a $100,000 life insurance policy prior to the separation of the parties. We therefore conclude that the court did not have sufficient evidence before it that would create a proper foundation for the order to provide life insurance.

On appeal, the plaintiff concedes that the life insurance order was improper, but contends that it is not necessary to remand this matter for a new trial on all financial issues because she is willing to withdraw any claim for life insurance. We do not agree.

The court ordered the life insurance for the benefit of the children, who were represented by court-appointed counsel. Under these circumstances, the plaintiff does not have standing to act on behalf of the children. *Lord*

v. *Lord*, 44 Conn. App. 370, 375, 689 A.2d 509, cert. denied, 241 Conn. 913, 696 A.2d 985 (1997).

"The issues involving financial orders are entirely interwoven. The rendering of a judgment in a complicated dissolution case is a carefully crafted mosaic, each element of which may be dependent on the other." (Internal quotation marks omitted.) *Papa* v. *Papa*, supra, 55 Conn. App. 51. Under the circumstances here, we therefore must remand this matter for a new trial on all financial issues.

The judgment is reversed as to the financial orders only and the case is remanded for a new trial on all financial issues.

In this opinion the other judges concurred.