[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter concerns two motions by the attorney for the minor children for attorney fees and the defendant's motion for contempt and his objection to the motion for attorney fees. The parties were involved in a contentious divorce and custody battle which led to continued post-judgment litigation for several years. The defendant has sued the attorney for the minor child Matthew as next friend of Matthew alleging that the attorney caused Matthew emotional distress and that she was professionally negligent in that she deviated from the standard of care for attorneys for minor children.
It is well established that a parent lacks standing to raise in behalf of the child a claim concerning the suitability or competence of the attorney for the minor child. Lord v. Lord, 44 Conn. App. 370, 375
(1997); Schult v. Schult, 40 Conn. App. 675, 687 (1996). "[O]nce the court finds it appropriate to appoint counsel for the minor child, the representation if the child's entitlement, not the parent's." Taff v.Bettcher, 35 Conn. App. 421, 426 (1994). The court appointing attorneys for children maintains supervisory authority over them, but the parents do not. In seeking to determine the best interests of children in custody CT Page 8506 cases, the court recognizes the importance of independent counsel for those children. However, that authority extends only to the conduct of the dissolution action and any post-judgment motions or appeals.
The court's authority to award attorneys fees in dissolution of marriage actions derives from § 46b-62 of the General Statutes, which permits such awards only in proceedings seeking relief under "this chapter." It does not extend to permitting the court to award an allowance to defend a civil suit.
This court recognizes that this decision may have a chilling effect on individuals who represent children either as attorneys or as guardians in contested custody cases. Parents disappointed with the court's custody decisions can inflict damage on those attorneys by the simple expedient of bringing a suit in behalf of their children against the attorney. Here, the court is mindful that both sides will need to have expert witnesses to establish the relevant standard of care. The court is also mindful that both may need expert witnesses to establish or defeat the emotional distress claim, a particularly troubling one in light of the child's condition throughout the underlying litigation and the defendant's own conduct. However, it is not for this court but rather for the civil session to determine any issues raised in that case.
While the court does not have the authority to order fees to defend the civil suit, the attorney for the minor child is not without recourse. If as she claims, the civil suit is ultimately determined to be merely vindictive, she has rights under § 52-568 of the General Statutes.
With respect to her other motion for attorney's fees, the attorney for the minor child is awarded $196.87 to be paid by the defendant within thirty days.
The defendant's motion for contempt dated November 27, 2000 is denied.
Orders will enter accordingly.
BY THE COURT,
Gruendel, J.