[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S OBJECTION TO APPOINTMENT OF COUNSEL FOR THE MINOR CHILD (#131)
This memorandum addresses an objection filed by the plaintiff to the appointment of Attorney Steven Levy to represent the parties' minor child in this dissolution proceeding. Counsel for both parties and Mr. Levy appeared before this court today for argument on the motion. After carefully considering the statements and argument of counsel and controlling appellate legal authority, the court overrules the objection.
The basis of plaintiffs objection is that in an unrelated case earlier this year, Attorney Levy called an affidavit of attorney's fees filed by this plaintiffs attorney "fraudulent and outrageous." During argument on this motion, Mr. Levy admitted making that statement. He told this court that he made that remark quickly and, in effect, in "the heat of litigation." He said that he did not pursue the claim he made there in any other forum. He stated that he harbors no present bias or predisposition against either the plaintiff or plaintiffs counsel. He further stated he no longer maintains that plaintiffs counsel had engaged in fraudulent conduct, and withdrew those earlier remarks.
In his written objection and at argument through counsel at the hearing, the plaintiff correctly cites the applicable standard governing his objection — whether removal of counsel for the minor child is necessary to prevent prejudice to the plaintiffs case. Lord v. Lord,44 Conn. App. 370, 375, 689 A.2d 509, cert. denied, 241 Conn. 913,696 A.2d 985 (1997), cert. denied, 522 U.S. 1122 (1998). The plaintiff claims here that Mr. Levy's prior statement "creates, at best, an animosity and/or predisposition" against the plaintiffs attorney that would cause prejudice to the plaintiff.
This court understands the concern of the plaintiff at seeing these previously stated words on the printed transcript page, and the sting felt by plaintiffs counsel at having been the object of them. One obvious role CT Page 15658 of counsel for the minor child is to attempt to help the parents resolve their differences amicably. Another important role of an attorney for the minor child is to advocate the child's wishes before the court and, when counsel determines that such views may not reflect his or her minor client's best interest, to seek appointment of a guardian ad litem.[1]
This court sympathizes with a party worried that his child's attorney, whose advocacy can have a major impact on the court and on the lives of parents and child, may have a preconceived bias against that party or its counsel that would make it difficult for such a lawyer to work effectively in this litigation. Yet, as the authority cited by plaintiffs counsel directs, the standard the court must apply is that of prejudice. Any discomfort that plaintiff or his attorney may feel from Mr. Levy's appearance in this matter does not, by itself, without a finding that his role here would work prejudice to the rights of either party, require his removal.
In the stress and intensity of litigation, lawyers at times may speak immoderately and, unfortunately, even impugn the integrity of opposing counsel. This court in no way endorses such conduct; civility among counsel is a hallmark of professionalism,[2] advances the ends of justice, and promotes confidence in the judicial process. An allegation of fraud is a serious matter, one best leveled with care and after due consideration. An attorney who believes that another attorney is committing fraud upon the court surely has an obligation to bring that fact to the court's attention, but must do in good faith. The court can only conclude, from Mr. Levy's decision not to pursue the statement he made in court elsewhere, that he later concluded plaintiffs present counsel had not violated her duty of candor to the tribunal.
After hearing the statements of counsel at argument on this objection, considering the transcript submitted by plaintiff, and reviewing the court file here, this court is satisfied that, despite an uncharacteristic lack of professionalism on that prior occasion, Attorney Levy has no present bias, ill will, or predisposition against either the plaintiff or his attorney; and the court finds no indication that the sentiments he expressed on that prior occasion will carry over into this case. This court finds that Mr. Levy's prior remark, while harsh and intemperate, is as Mr. Levy himself characterized it: an inappropriate spur-of-the-moment utterance that will not prevent him from serving in his present role fairly to both parties. The court finds, however, no prejudice toward plaintiff from his remaining as counsel for the minor child.
This court has observed Mr. Levy in the practice of law on numerous occasions in the courtroom, during chambers conferences, and otherwise. CT Page 15659 He brings a high level of experience and expertise to the role of counsel for the minor child. From the plethora of motions filed in this 5½-month-old case, and the allegations contained therein, this case already shows the potential to be the type of "high conflict" case that can so adversely affect children of a marriage. The claims of substance abuse made by each party against the other have already led this court to order both to undergo random drug testing by the Court Support Services Division. It is necessary for the minor child in cases such as this to have experienced counsel knowledgeable in family law and procedure and skilled in representing children. Mr. Levy has just those characteristics.
For the foregoing reasons, plaintiffs objection is hereby OVERRULED.
BY THE COURT
 ___________________ STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT