[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This complaint for custody and support is dated May 14, 2001. The parties are the parents of Griffin Mead Tyler born June 22, 1995. On February 28, 2003, the court entered judgment and ordered that the parties share joint legal custody with primary residence of the minor child to be with the plaintiff mother, the defendant father to have reasonable rights of visitation. The court reserved decision on the financial matters which are addressed herein.
The plaintiff is employed in a temporary accounting position and has gross wages of $520 per week and net income of $393 per week. She provides the health insurance for the minor child at a cost to her of $71 per week. She incurs child care expense in the amount of $111 per week.
The defendant is employed as a managing director for a company which places investment capital. The company is located in Switzerland where the defendant resides. In 2000, the defendant earned income of $594,940 and in 2001 his earned income was $376,437. In 2002 his salary was $350,000 a year although he only received approximately $270,000 of this salary because of his employer's financial difficulty. The court finds that the defendant has an earning capacity of $350,000 per year which results in a gross income of $6,730 per week. The defendant's income is subject to mandatory deductions for taxes and insurance under Swiss law and these deductions, for weekly income of $6,730, total $3,156 per week. The defendant also has two other qualified children that he supports. The court does not find the defendant's step child and his unborn child to be qualified children for purposes of this decision. The minimum guideline support, based upon $2,500 per week income, for three children is $684 per week. This results in an imputed support obligation for two children of $456 a week. This imputed support obligation and the deduction for taxes and insurance leaves the defendant with net income of $3,118 per week.
Section 46b-215a-2a (a) (2) of the child support regulations provides CT Page 3481 that "when the parents' combined net weekly income exceeds $2,500, child support awards shall be determined on a case by case basis, and the current support prescribed at the $2,500 net weekly income level shall be the minimum presumptive amount." The court has prepared a guideline worksheet utilizing the net income of the parties and the support obligation for $2,500 combined net weekly income, which is $383 per week. The worksheet indicates a presumptive current support amount, which includes the expenses of the child's health insurance, of $407 per week, or $1763 per month. The defendant's contribution toward child care expenses and unreimbursed medical expenses is 77%. This results in a child care contribution of $85.50 per week for a total child support award of $492.50 per week or $2,134.16 per month.
The defendant has paid voluntary support to the plaintiff since the birth of the minor child. His latest usual payment was $2,000 per month, which he last paid for the month of November 2002. The defendant has made reduced payments of approximately $1,000 per month since November 2002.
Considering the evidence, the court concludes that the defendant should pay child support in the amount of $2,000 per month and he should contribute 50% of the cost of qualified child care and unreimbursed medical expenses for the minor child.
The defendant requests a suspension of a portion of the child support obligation. The court appreciates the financial difficulty of the defendant's employer, but is not persuaded that a partial suspension of the child support order is appropriate. The defendant also requests a de novo hearing in June 2003 on his child support obligation. This case has been pending for almost two years, and it has no doubt taken an emotional and financial toll upon the parties. The court finds that a prescheduled de novo hearing is not warranted. This finding is without prejudice to either party to file a motion to modify these orders if either party believes that the then current circumstances warrant such a filing.
There was insufficient evidence presented to create a proper foundation for an order for the defendant to provide life insurance. See Quindazziv. Quindazzi, 56 Conn. App. 336 (2000).
 ORDERS
1. The defendant is to pay child support in the amount of $2,000 per month in advance and this order is retroactive to December 1, 2002. The defendant is entitled to a credit for amounts paid to the plaintiff after December 1, 2002. The defendant is ordered to contribute 50% to the cost of qualified child care expense and unreimbursed medical expenses. This CT Page 3482 contribution is to be made on a monthly basis in arrears. This contribution is retroactive to expenses incurred after December 1, 2002. The expenses incurred for the month of March 2003 are to be paid on or before April 1, 2003. Any arrearage that may arise from the retroactive effect of these orders is to be paid on or before July 1, 2003.
2. The payments for child support and contribution to child care and unreimbursed medical expenses are to be made by wire transfer into the plaintiff's bank account. The payments are to be deposited into the plaintiff's account no later than the third day of the month for which they are due.
3. The parties are to exchange W-2 statements or other proof of earned income no later than March 1 for each year there is a child support obligation.
4. The Plaintiff is ordered to maintain health and dental insurance for the benefit of the minor child as available through her employment. If such insurance is not available, the defendant is to maintain the insurance as available through his employment, provided the coverage is from an insurance company doing business in the United States. If neither party is able to provide the health and dental insurance through their employment then they shall cooperate in obtaining a health and dental insurance policy for the minor child and they shall equally share the premium.
5. Pursuant to Public Act 02-128, a motion or petition for an educational support order may be filed by either party at a subsequent date.
6. Each party is responsible for their own attorneys fees.
Domnarski, J. CT Page 3483